**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| State of Ohio, ex rel. Dave Yost Attorney General of Ohio, | Case No. 2:23-cv-01450-MHW-CMV |
| *Plaintiff,* | Judge: Michael H. Watson |
| v. | Magistrate: Chelsey M. Vascura |
| Ascent Health Services LLC, Express Scripts, Inc., The Cigna Group, Evernorth Health, Inc., Prime Therapeutics LLC, Humana Pharmacy Solutions, Inc., and Humana Inc., | |
| *Defendants.* | |

## **RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on **May 5, 2023,** and was attended by:

Jennifer Pratt, Edward Olszewski, and Jason Palmer, Ohio Attorney General's Office, counsel for Plaintiff State of Ohio,

Rick Rule, Dan Howley, Ben Bergmann, Erica Baum, Jeanne M. Cors, and David J. Butler, counsel for defendants Ascent Health Services LLC, Express Scripts, Inc., Cigna Group, and Evernorth Health, Inc.,

Jaime Stilson, Nick Bullard, Matt Jalandoni, and Ben Reese, counsel for defendant Prime Therapeutics LLC,

Jason Murray, Shawn Johnson, Justin Kingsolver, Sommer Sheely, and Anne Marie Sferra, counsel for defendants Humana Pharmacy Solutions, Inc. and Humana Inc.

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

STAY OF DISCOVERY

**Defendants' Position**

Defendants request that the Court stay discovery pending the Court's ruling on Plaintiff's anticipated motion to remand and the Court's determination that it has subject matter and personal jurisdiction over Defendants. As described herein, Defendants are nevertheless amenable to proceeding with initial disclosures, an ESI protocol, and a protective order or clawback agreement. There is a good cause for a stay:

- A stay is consistent with this Court's practice of deciding threshold issues of jurisdiction before the parties proceed to discovery and the merits. *See, e.g.*, *Cadle Co. v. Reiner,*

> *Reiner & Bendett*, No. 4:06CV1873, 2006 WL 3064092, at *1 (N.D. Ohio Oct. 26, 2006), *aff'd*, 307 F. App'x 884 (6th Cir. 2009) ("motion to remand must be resolved before the pending motion of defendant to dismiss"); *Libertarian Party of Ohio v. Wilhelm*, No. 2:19-cv-2501, 2019 U.S. Dist. LEXIS 171725, at *5 (S.D. Ohio Oct. 3, 2019) ("[B]ecause personal jurisdiction is a threshold issue that determines whether a court has the power to bind the defendant, the nature of the pending motion in this case supports a stay of merits discovery.") (citing cases).

- A stay would also avoid the significant disruptions and inefficiencies if discovery starts under the Federal Rules of Civil Procedure and this Court's local rules and then the case is remanded to state court to conduct discovery under the materially different Ohio state rules. *See, e.g.*, *Ga. ex rel. Carr v. Elite Integrated Med., LLC*, No. 1:20-cv-4946-AT, 2021 U.S. Dist. LEXIS 263952, at 84 (N.D. Ga. Jan. 19, 2021) (staying case because "[i]f this case is remanded to state court, it will progress under different discovery rules, procedures, and requirements"). Among other differences, the two systems allow (1) different numbers of interrogatories, requests for admission, and depositions, (2) different default timing rules for responding to discovery requests, (3) and different expert disclosure rules. *Compare* Fed. R. Civ. P. 26, 30, 33, 34, 36; L.R. 36.1 (limiting parties to 40 requests for admission, including subparts), *with* Ohio R. Civ. P. 26, 30, 33, 34, 36. A stay will ensure that the parties embark on discovery knowing the discovery "rules of the road" that will apply.

- A stay is further warranted in light of Defendants' statutory right to appeal any remand order, *see* 28 U.S.C. § 1447(d), which would significantly disrupt proceedings if discovery had started in this Court. *See, e.g.*, *Northrop Grumman Tech. Servs. v. DynCorp Int'l LLC*, No. 1:16cv534 (JCC/IDD), 2016 U.S. Dist. LEXIS 78864 (E.D. Va. June 16, 2016) (granting stay in federal-officer removal case because denying stay "could render the appeal meaningless"); *Plaquemines Par. v. Riverwood Prod. Co.*, No. 18-5217, 2022 U.S. Dist. LEXIS 50608 (E.D. La. Mar. 22, 2022) (same).

- A stay would not prejudice Plaintiff because it is temporary and will apply only until the Court decides the remand motion.

Plaintiff states below that "[a]t Defendants' request, Plaintiff agreed to extend the time for responding to discovery to dates certain." That is not accurate—there has been no discovery extension or a request for one. Plaintiff served document requests, interrogatories, and requests for admission on certain Defendants while the case was in state court. Plaintiff did not extend the time for responding to those requests. Following removal, Plaintiff expressly acknowledged that removal had nullified its discovery requests. Certain Defendants agreed to treat the nullified state court discovery as served for the first time after the Rule 26 conference. Plaintiff also re-served discovery requests on certain other Defendants after the Rule 26 conference.[1]

---

[1] The parties were exchanging draft language late this afternoon and into the early evening. After reviewing certain revised language from Plaintiff, Defendants told Plaintiff that further revisions would be forthcoming, and Defendants then sent a revised draft to Plaintiff with this paragraph added. As of the time of filing, Defendants have not heard from Plaintiff, but were obliged to file given the Court's deadline. Defendants will work with Plaintiff to file an amended report should Plaintiff wish to do so.

**Plaintiff's position**:

Plaintiff believes that special circumstances justifying a stay are not present.

- This Court does not favor a stay of discovery pending a dispositive motion. *Wilson v. Thyssenkrupp Elevator Corp.*, 2022 U.S. Dist. LEXIS 92680, at *8 ("[T]his Court is generally not inclined to stay discovery while a motion to dismiss is pending unless certain special circumstances justify that action.") (citation and internal quotation marks omitted). Instead, "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Pres. Partners, Inc. v. Sawmill Park Props., LLC*, 2023 U.S. Dist. LEXIS 66438, at *3 (S.D. Ohio) (Vacura, M.J.) (citation and internal quotation marks omitted). *See also Ames v. LaRose*, 2022 U.S. Dist. LEXIS 192147 (S.D. Ohio) (Vacura, M.J.) (denying motion to stay discovery pending resolution of motion to dismiss). Staying discovery because of a dispositive motion "is directly at odds with the need for expeditious resolution of litigation" and "circumvent[s] the procedures for resolution of such a motion." *Pres. Partners, Inc.*, 2023 U.S. Dist. LEXIS 66438, at *3-4 (citation and internal quotation marks omitted). A stay requires a movant to "state with particularity how continuing with discovery would be unduly burdensome." *Id*. at *5. There is no particular burden imposed on Defendants by proceeding with discovery. Rather, proceeding with discovery while the Court determines remand simply allows Defendants to conduct initial discovery in their chosen forum—this Court.

- Consistent with the Ohio Rule of Civil Procedure 26(D), Plaintiff the State of Ohio served discovery requests on certain Defendants following service of the original Complaint. At Defendants' request, Plaintiff agreed to extend the time for responding to discovery to dates certain. Following removal, Plaintiff re-served the discovery requests after the Rule 26(f) conference of the parties, consistent with the timing of service allowed under the Federal Rules of Civil Procedure. Currently, the response times under the Federal Rules of Civil Procedure govern Defendants' responses, but importantly, those responses are due well after the extension already agreed to by the parties.

- Although the Federal Rules of Civil Procedure allow 25 interrogatories and the Ohio Rules of Civil Procedure allow 40 interrogatories, neither of these limitations has been exceeded by the interrogatories already served. It is not clear what Defendants mean by their statement that the Federal Rules and Ohio Rules allow different numbers of requests for admissions, as neither set of rules contains a numerical limitation. Any difference in the number of depositions allowed is irrelevant, as no deposition notices have been served. Similarly, default timings are irrelevant as the parties already stipulated to extensions of response dates when the matter was still in state court, and the governing deadline under the Federal Rules of Civil Procedure falls later than that stipulation. Finally, any decision on remand will come far before the proposed expert disclosure deadlines. Defendants' counsel is sophisticated and well able to navigate the "rules of the road," and have identified no distinction between the forums that is currently relevant.

- If Defendants appeal a remand order, discovery will be automatically stayed on appeal. There is no need to stay discovery now, when the matter might not change forums at all.

1. <u>CONSENT TO MAGISTRATE JUDGE</u>

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes     <u>X   </u>No

2. <u>INITIAL DISCLOSURES</u>

Have the parties agreed to make initial disclosures?

<u> X   </u>Yes     _____No     _____The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by **June 16, 2023**.

3. <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

 X   Yes       No

If yes, describe the issue:

Defendants have removed this action pursuant to federal officer removal jurisdiction, 28 U.S.C. § 1442(a)(1).  Plaintiff disagrees that this Action meets the requirements for removal under that statute.  Plaintiff intends to file a motion to remand this Action back to the Court of Common Pleas, Delaware County.

One or more Defendants anticipate filing 12(b)(2) motions to dismiss.

The parties agree that any motion related to venue or jurisdiction shall be filed by **June 2, 2023**.  The parties further agree that any oppositions to such motion shall be filed by **June 30, 2023**, and that any replies shall be filed by **July 21, 2023**.

Defendants will separately file motions to dismiss on other grounds, including Fed. R. 12(b)(6), at a date set by the Court following a decision on the motion to remand and as described in Section 5 below.

4. <u>PARTIES AND PLEADINGS</u>

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by **the later of July 28, 2023 or 28 days following any order of the Court denying Plaintiff's motion to remand**.  Any amended pleading filed pursuant to this deadline shall not be considered Plaintiff's amendment as a matter of course under Fed. R. 15(a)(1).

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by  N/A.

5. <u>MOTIONS</u>

   a. Are there any pending motion(s)?

         Yes    X   No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number: Although no motions are currently pending, Plaintiff intends to file the above-referenced motion to remand.

Defendants will file Rule 12(b)(6) motions to dismiss. The parties agree that the timing of those motions should depend on whether the Court grants Defendants' request for a discovery stay

while Plaintiff's remand motion is pending. If the Court orders a discovery stay, the parties agree the deadline for filing the Rule 12(b)(6) motions should be set by the Court after it rules on Plaintiff's remand motion. If the court does not stay discovery, the parties agree to meet and confer to propose a schedule for Rule 12(b)(6) motions.

    b. Are the parties requesting expedited briefing on the pending motion(s)?

        \_\_\_\_\_Yes     X\_\_\_\_\_No
If yes, identify the proposed expedited schedule:

        Opposition to be filed by_____; Reply brief to be filed by_____.

6.    ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

Plaintiff's description:

The Ohio Attorney General brings this action pursuant to his statutory authority to enforce Ohio law, specifically concerning alleged violations of the Ohio Valentine Act (R.C. 1331.01, *et. seq.*). In sum, the Ohio Attorney General alleges that Defendants have engaged in improper and abusive practices in the pharmacy benefit manager industry that, taken together, constitute a series of unlawful combinations under Ohio state law. The alleged effect of these unlawful combinations has been to raise prescription drug prices, reduce access for many Ohioans to the drugs prescribed by their physicians or that are most clinically appropriate, and limit Ohioans' access to their community pharmacies. In addition, the Ohio Attorney General alleges that Defendants have used their bargaining leverage to force community pharmacies to accept punitive drug reimbursement rates (with savings inuring to the benefit of Defendants, and not to patients or plan sponsors) and pay numerous "clawbacks" to Defendants. Many of these clawbacks allegedly violate Ohio law regarding how proceeds from drug transactions may be distributed. Defendants have allegedly engaged in these practices for the purpose of reaping supra-competitive profits, at the expense of their customers and the remaining participants in the marketplace.

Defendants' description:

The State alleges that certain practices associated with some Defendants' provision of pharmacy and pharmacy benefit management ("PBM") services, as well as their ownership and/or participation in Ascent Health Services LLC, a group purchasing organization, constitute a violation of Ohio's Valentine Act and state conspiracy and unjust enrichment laws.  The State alleges that aspects of the pharmacy and PBM services that some Defendants provide have anticompetitive effects on unidentified retail pharmacies and consumers and allegedly violate certain state laws concerning pharmacies and PBMs.  Defendants deny those allegations and, as will be briefed in any motions to dismiss, contend that the Complaint fails to state a claim.

The complaint does not contain a demand for a jury trial.

3

7.     DISCOVERY PROCEDURES

    a. The parties agree that all discovery shall be completed by:

    Plaintiff's Position:

    Fact Discovery: **April 19, 2024**
    Expert Discovery: **August 4, 2024**

    Defendants' Position:

    As noted, Defendants request a stay of discovery pending the Court's decision on the forthcoming remand motion.

    Defendants agree that, once the remand motion is decided, discovery should proceed in phases, with a fact discovery deadline followed by an expert discovery deadline. Defendants request, however, that the Court wait to set any discovery deadlines after resolution of Plaintiff's motion to remand.

    The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

    b. Do the parties anticipate the production of ESI?  X    Yes     No

    If yes, describe the protocol for such production:

    The parties anticipate entering into an agreement governing the protocol for the collection and production of ESI.

    c. Do the parties intend to seek a protective order or clawback agreement?  Yes

    If yes, such order or agreement shall be produced to the Court by **June 16, 2023**.

8. <u>DISPOSITIVE MOTIONS</u>

    a. <u>Plaintiff's Position:</u>

    Any dispositive motions shall be filed by **August 30, 2024.**

    <u>Defendants' Position:</u>

    The Court should set any dispositive motion deadline after resolution of the Plaintiff's motion to remand. Defendants believe that dispositive motions deadlines should not be set until the Court determines whether it has subject matter and personal jurisdiction over Defendants.

    b. Are the parties requesting expedited briefing on dispositive motions?

    \_\_\_\_Yes    X\_\_\_No

    If yes, identify the proposed expedited schedule:

    Opposition to be filed by_____; Reply brief to be filed by_____.

9. <u>EXPERT TESTIMONY</u>

    <u>Plaintiff's Position</u>

    a. Primary expert reports must be produced by **May 24, 2024.**

    b. Rebuttal expert reports must be produced by **July 12, 2024.**

    <u>Defendants' Position</u>

    The Court should set any expert discovery deadlines after resolution of Plaintiff's motion to remand. Defendants believe that deadlines for expert testimony should not be set until the Court determines it has subject matter and personal jurisdiction over Defendants.

10. <u>SETTLEMENT</u>

Plaintiff(s) will a make a settlement demand by **August 25, 2023**.    Defendant will respond by **September 22, 2023**. The parties agree to make a good faith effort to settle this case.

The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. Plaintiff requests the following month and year:  **May 2024**. Defendants request that the Court defer setting the settlement conference referral date after resolution of Plaintiff's motion to

remand, so that the settlement conference date can be consistent with any related orders setting discovery deadlines.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11.     RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

 X  Yes, the parties would like a conference with the Court prior to it issuing a scheduling order.   The Court has ordered that the conference take place _____ in chambers  X  by telephone.

_____ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12.     OTHER MATTERS

Indicate any other matters for the Court's consideration:

6

Signatures:

DAVE YOST
Ohio Attorney General (0056290)
SHAWN BUSKEN (0083585)
Deputy First Assistant Attorney General

_____
JENNIFER L. PRATT (0038916)
Director of Major Litigation
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Telephone: (614) 752-8237
Fax: (614) 466-5087
Jennifer.Pratt@OhioAGO.gov

Beth A. Finnerty (0055383)
Section Chief, Antitrust Section
Edward J. Olszewski (0082655)
Assistant Section Chief, Antirust Section
Jason W. Palmer (0088336)
Senior Assistant Attorney General,
Antitrust Section
30 East Broad Street, 26th Floor
Columbus, Ohio
Telephone; (614) 466-4328
Fax: (614) 995-0266
Beth.Finnerty@OhioAGO.gov
Edward.Olszewski@OhioAGO.gov
Jason.Palmer@OhioAGO.gov

*Counsel for the State of Ohio, ex rel., Attorney General Dave Yost*

| RULE GARZA HOWLEY LLP | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| */s/* Charles F. Rule_____ | */s/* David J. Butler_____ |
| Charles F. Rule *(pro hac vice)* | David J. Butler (0068455) Trial Attorney |
| Daniel J. Howley *(pro hac vice)* | 41 South High Street, Suite 1800 |
| Benjamin Z. Bergmann *(pro hac vice)* | Columbus, Ohio 43215 |
| Erica N. Baum *(pro hac vice)* | Telephone: (614) 221-2838 dbutler@taftlaw.com |
| 1701 Pennsylvania Ave. NW, Suite 200 | |
| Washington, D.C. 20006 | Jeanne M. Cors (0070660) 425 |
| Telephone: (202) 843-9280 | Walnut Street, Suite 1800 |
| rule@rulegarza.com | Cincinnati, Ohio 45202 |
| howley@rulegarza.com | Telephone: (513) 381-2838 cors@taftlaw.com |
| bergmann@rulegarza.com | |
| baum@rulegarza.com | |

7

*Counsel for Defendants Ascent Health Services LLC, Express Scripts, Inc., The Cigna Group, and Evernorth Health, Inc.*

| DORSEY & WHITNEY LLP | FLANNERY | GEORGALIS, LLC |
|---|---|

*/s/* Jaime Stilson  
Jaime Stilson *(pro hac vice)*  
Michael A. Lindsay *(pro hac vice)*  
Nicholas J. Bullard *(pro hac vice)*  
50 South Sixth Street, Suite 1500  
Minneapolis, MN 55402  
(612) 340-2600  
stilson.jaime@dorsey.com  
lindsay.michael@dorsey.com  
bullard.nick@dorsey.com  

*/s/* Matthew L. Jaladoni  
Matthew L. Jalandoni (0087074) Trial Attorney  
Benjamin Reese (0096108)  
175 South Third St., Suite 1060  
Columbus, OH 43215  
(380) 444-6027  
mjalandoni@flannerygeorgalis.com  
breese@flannerygeorgalis.com  

*Counsel for Defendant Prime Therapeutics LLC*

CROWELL & MORING LLP

*/s/* Shawn R. Johnson  
Shawn R. Johnson (*pro hac vice*)  
Justin D. Kingsolver (*pro hac vice*)  
1001 Pennsylvania Ave. NW  
Washington, DC 20004  
(202) 624-2500  
srjohnson@crowell.com  
jkingsolver@crowell.com  

BRICKER GRAYDON LLP

*/s/* Anne Marie Sferra  
Anne Marie Sferra (0030855)  
Sommer L. Sheely (0076071) 100  
South Third Street  
Columbus, OH 43215  
(614) 227-2300  
asferra@brickergraydon.com  
ssheely@brickergraydon.com  

*/s/* Jason C. Murray  
Jason C. Murray (*pro hac vice*) 515  
South Flower Street, 40th Floor  
Los Angeles, CA 90071  
(213) 622-4750  
jmurray@crowell.com  

*Counsel for Defendants Humana Pharmacy Solutions, Inc. and Humana Inc.*

8

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 10, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Notice of this filing will be sent to all other parties not represented by counsel via regular U.S. Mail.

                                                                      /s/ David J. Butler
                                                                      David J. Butler