# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**STATE OF OHIO,** *ex rel.* **DAVE YOST**
**ATTORNEY GENERAL OF OHIO,**

        **Plaintiff,**

        v.

**Civil Action 2:23-cv-1450**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

**ASCENT HEALTH SERVICES LLC,**
*et al.*,

        **Defendants.**

## PRELIMINARY PRETRIAL ORDER

The Court conducted a telephonic preliminary pretrial conference on May 15, 2023. All parties were represented by counsel.

### Rule 26(a)(1) Initial Disclosures

The parties have agreed to make initial disclosures by **June 16, 2023**.

### Jurisdiction and Venue

Defendants have removed this action pursuant to federal officer removal jurisdiction, 28 U.S.C. § 1442(a)(1). Plaintiff disagrees that this Action meets the requirements for removal under that statute. Plaintiff intends to file a motion to remand this Action back to the Court of Common Pleas, Delaware County. One or more Defendants anticipate filing 12(b)(2) motions to dismiss.

Any motion related to venue or jurisdiction must be filed by **June 2, 2023**. By agreement of the parties, opposition briefs to such motions must be filed by **June 30, 2023**, and any reply briefs must be filed by **July 21, 2023**.

Defendants intend to contemporaneously file a motion seeking a stay of discovery pending resolution of Plaintiff's forthcoming motion to remand. The Court **STAYS** all discovery pending resolution of the forthcoming motion to stay. Should Defendants not file a motion to stay discovery on or before June 2, 2023, the stay of discovery is automatically lifted.

## Amendments to Pleadings and/or Joinder of Parties

Motions or stipulations addressing the parties or pleadings, if any, must be filed by **the later of July 28, 2023, or 28 days following any order of the Court denying Plaintiff's forthcoming Motion to Remand**.

## Motions

There are no pending motions. However, Plaintiff anticipates filing a Motion to Remand and Defendants anticipate filing Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), as well as a motion to stay discovery pending resolution of the motion for remand.

## Allegations in the Pleadings and Jury Demand

The Ohio Attorney General brings this action pursuant to his statutory authority to enforce Ohio law, specifically concerning alleged violations of the Ohio Valentine Act (R.C. 1331.01, et. seq.). In sum, the Ohio Attorney General alleges that Defendants have engaged in improper and abusive practices in the pharmacy benefit manager industry that, taken together, constitute a series of unlawful combinations under Ohio state law. The alleged effect of these unlawful combinations has been to raise prescription drug prices, reduce access for many Ohioans to the drugs prescribed by their physicians or that are most clinically appropriate, and

limit Ohioans' access to their community pharmacies. In addition, the Ohio Attorney General alleges that Defendants have used their bargaining leverage to force community pharmacies to accept punitive drug reimbursement rates (with savings inuring to the benefit of Defendants, and not to patients or plan sponsors) and pay numerous "clawbacks" to Defendants. Many of these clawbacks allegedly violate Ohio law regarding how proceeds from drug transactions may be distributed. Defendants have allegedly engaged in these practices for the purpose of reaping supra-competitive profits, at the expense of their customers and the remaining participants in the marketplace. Defendants deny the allegations.

There is no jury demand.

**Expert Disclosures**

Primary expert reports, if any, must be produced by **November 24, 2024.** Rebuttal expert reports, if any, must be produced by **January 12, 2025.** All expert discovery must be completed by **February 4, 2025**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All fact discovery shall be completed by **October 19, 2024**. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all

responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties anticipate the production of ESI. The parties anticipate entering into an agreement governing the protocol for the collection and production of ESI.

The parties intend to seek entry of a protective order or clawback agreement.

**<u>Dispositive Motions</u>**

Case dispositive motions must be filed by **March 1, 2025.**

**<u>Settlement</u>**

Plaintiff shall make a settlement demand by **August 24, 2023**. Defendants shall respond by **September 22, 2023**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **May 2024**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**<u>Other Matters</u>**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE