UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, ex rel. DAVE YOST<br>ATTORNEY GENERAL OF OHIO<br><br>*Plaintiff*,<br><br>v.<br><br>ASCENT HEALTH SERVICES LLC;<br>EXPRESS SCRIPTS, INC.; CIGNA<br>GROUP; EVERNORTH HEALTH, INC.;<br>PRIME THERAPEUTICS LLC; HUMANA<br>PHARMACY SOLUTIONS, INC.;<br>HUMANA INC.<br><br>*Defendants*. | Civil Action No. 2:23-CV-1450<br><br>Judge Michael H. Watson<br>Magistrate Judge Chelsey M. Vascura |

**PLAINTIFF STATE OF OHIO'S REPLY
TO DEFENDANTS EXPRESS SCRIPTS, INC., EVERNORTH HEALTH, INC., AND
PRIME THERAPEUTICS LLC'S OPPOSITIONS TO REMAND**

**INTRODUCTION**

The State's Complaint challenges only such conduct by Express Scripts, Evernorth Health, and Prime Therapeutics' ("Defendants") that targets commercial health plans and State of Ohio-sponsored health plans. It does not challenge conduct related to federal health benefit programs such as TRICARE, FEHBA, Medicare, or Medicaid. Furthermore, the State's post-removal disclaimer not only makes this clear but also expressly disclaims recovery related to such federal programs. This should end Defendants' claim that removal is proper under the federal officer removal statute because federal officers do not direct Defendants' commercial conduct or conduct related to State of Ohio-sponsored plans.

Even if this were not the case, Defendants all still fail at least one prong of the Sixth Circuit's federal officer removal analysis. *Laible v. Lanter*, No. 21-102-DLB-CJS, 2022 WL 1913420, 2022 U.S. Dist. LEXIS 99440 at *18 (E.D. Ky. June 3, 2022) ("[I]f even one prong is not satisfied, the Court will… recognize that the case must then be remanded."). Defendants are not entitled to federal officer removal for the State's claims, and this case belongs in state court. This Court should remand to the Delaware County Court of Common Pleas.

## ARGUMENT

**I.  The State's post-removal disclaimer is procedurally appropriate and clearly disclaims federal health benefit programs.**

Contrary to Defendants' contention, the State's Complaint does not implicate federal health benefit programs, and the State's post-removal disclaimer is procedurally appropriate to add further clarity to words Defendants have distorted. The State's Complaint focuses entirely on challenging and remedying the harm enacted on Ohioans who are uninsured, underinsured, or who have commercial or State of Ohio-sponsored insurance with high deductibles or costs calculated as a percentage of a drug's list price. *See e.g.*, Complaint, ECF No. 12 at PageID 1311-13, 1317-18, 1351-52, 1355-62. Defendants, however, ignore this and have seized upon singular words such as "government" to claim federal officer removal as a get-out-of-state-court-free card. The State's post-removal disclaimer is necessary and procedurally appropriate for two reasons.

**A.  The Southern District of Ohio allows for post-removal disclaimers to exclude claims or recovery giving rise to federal officer removal.**

First, the Southern District of Ohio has recognized that post-removal disclaimers can effectively eliminate claims that may implicate federal officer removal. *Healthcare Venture Partners, LLC v. Anthem Blue Cross & Blue Shield*, No. 1:21-cv-29, 2021 WL 5194662, 2021 U.S. Dist. LEXIS 215747, *22-24 (S.D. Ohio Nov. 8, 2021). Defendants' lengthy tutorial of

2

federal civil procedure neglects to highlight that federal officer removal is a unique statutory *exception* to traditional subject-matter jurisdiction based on party diversity or federal question. Because of its uniqueness, the U.S. Supreme Court and federal circuits have crafted unique procedures to address the statute's application. These unique procedures include the very analysis the Sixth Circuit uses to determine when the statute applies to a private entity. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010) (relying on U.S. Supreme Court and federal circuit cases to support the three-prong federal officer removal analysis). Likewise, other federal courts—and recently the Southern District of Ohio—have recognized that post-removal disclaimers are procedurally appropriate to eliminate federal officer removal. *See e.g.*, *Fisher v. Asbestos Corp.*, No. 2:14-cv-02338-WGY-(FFMx), 2014 WL 3752020, 2014 U.S. Dist. LEXIS 105207 (C.D. Cal. July 30, 2014); *Dougherty v. A.O. Smith Corp.*, No. 13-1972-SLR-SRF, 2014 U.S. Dist. LEXIS 96290, 2014 WL 3542243 (D. Del. July 16, 2014), *report and recommendation adopted*, Civ. No. 13-1972-SLR-SRF, 2014 U.S. Dist. LEXIS 125302, 2014 WL 4447293 (D. Del. Sept. 8, 2014).

The State's inclusion of a post-removal disclaimer follows the Southern District of Ohio's instructions. It is not an attempt to amend the State's Complaint because the Complaint does not—and was never intended to—implicate federal programs. The disclaimer is meant to clarify what Defendants have escalated under the guise of federal officer removal.[1] For efficiency in resolving the remand matter, however, the State chose to use the accepted Southern District of Ohio's post-removal disclaimer procedure.

---

[1] If inclusion in an amended complaint of an express disclaimer such as those considered in the recent California or Puerto Rico PBM cases would assist the Court in remanding the case, the State will amend. *See, e.g.*, *California v. Eli Lilly & Co.*, 2023 WL 4269750, 2023 U.S. Dist. LEXIS 112592, at *6 (C.D. Cal. June 28, 2023) ("California PBM case" granting remand); *Government of Puerto Rico v. Eli Lilly and Co., et al.*, No. 23-1127 (D.P.R. July 13, 2023), ECF No. 102 ("Puerto Rico PBM case" granting remand).

The State's disclaimer clarifies that the Complaint does not address or seek relief in connection with rebate negotiations or retroactive pharmacy claim fees for federal health benefit programs. *See* Remand, ECF No. 40 at PageID 1455 (disclaiming recovery for the types of TRICARE/FEHBA PBM or pharmacy services identified in Defendants' notice of removal which include rebate negotiations and retail pharmacy conduct). Contrary to Defendants' arguments, this disclaimer is not circular. It excludes a discrete, readily identifiable category of conduct that can be separated from the State's claims. Judicial efficiency and comity would also be served by remanding, making the State's post-removal disclaimer even more appropriate in this case. *Id.*

**B. Defendants' conduct related to federal health plans can be separated from their commercial conduct, and their indivisibility argument would inappropriately expand the purpose of the federal officer removal statute.**

Second, like the *Healthcare Venture* case, a state court can easily separate out conduct related to federal health plans from conduct related to commercial or State of Ohio-sponsored plans. The State challenges Express Scripts' unlawful retroactive fees for pharmacy claims related to commercial plans and State of Ohio-sponsored plans. Likewise, the State challenges the anticompetitive manner in which Prime Therapeutics (and other defendants) negotiates commercial rebates and rebates for State of Ohio-sponsored plans. Retroactive pharmacy claim fees and rebates obtained for federal health benefit programs, like TRICARE or FEHBA, are not being challenged by the State's Complaint, and Defendants can continue to negotiate rebates on behalf of FEHBA plans pursuant to their contracts with FEHBA carriers. *See* Order Granting Remand, *Government of Puerto Rico v. Eli Lilly and Co., et al.*, No. 23-1127 (D.P.R. July 13, 2023), ECF No. 102 ("The Court also rejects Express Scripts' indivisibility argument…Just because Defendants conduct business in a particular way, i.e. negotiations with manufacturers do

4

not take place on a plan-by-plan basis, does not mean that they cannot conduct negotiations differently pursuant to a court order.").

Defendants' contention that their commercial and TRICARE/FEHBA rebate negotiations or pharmacy network claims are indivisible directly circumvents the fundamental purpose of the federal officer removal statute. The statute was not designed as a vehicle for a defendant to insulate its commercial conduct by intermingling its commercial and federally-directed operations. The statute was designed to protect federally-directed conduct—and federally-directed conduct *only*—from outside interference.

Although the State disputes that Defendants' commercial conduct cannot be disaggregated, Defendants cannot be allowed to hide their commercial conduct behind federal defenses that were designed solely for federally-directed conduct. Such a claim significantly over-extends the purpose of the federal officer removal statute and would create a concerning future loophole for corporations to shield their commercial conduct from liability under state law.

## II. All Defendants fail at least one prong of the Sixth Circuit's federal officer removal analysis.

Moreover, neither Express Scripts nor Prime Therapeutics are entitled to federal officer removal because each fails the Sixth Circuit's test. Express Scripts' and Prime Therapeutics' FEHBA basis fails because neither act under the Office of Personnel Management ("OPM"), and there is no plausible preemption defense. Express Scripts' TRICARE basis fails because its pharmacy conduct is not causally connected to the State's sole pharmacy claim. Defendants have not met their burden for federal officer removal which strips this Court of subject-matter jurisdiction.

5

### A. Defendants do not act under OPM.

Express Scripts' opposition is supported, in part, by an apparent misunderstanding. At no point did the State contend that "Express Scripts is acting under OPM when it provides PBM services to FEHBA plans." Express Scripts Opposition, ECF No. 55 at PageID 2399. The State in fact expressed the opposite. Express Scripts and Prime Therapeutics do not act under OPM because they act under private FEHBA plans who are not the federal government. Remand, ECF No. 40 at PageID 1458-59. They assist FEHBA plans, not the federal government, with FEHBA duties and responsibilities. FEHBA plans bear the ultimate responsibility to provide the federal government with PBM services. *Id.* at 1457-58. While FEHBA plans may choose to outsource this contractual responsibility to PBMs like Defendants, this illustrates only that Defendants are assisting FEHBA plans with a duty that OPM delegated to the FEHBA plans—not Defendants.

While courts have found that local Blue Cross Blue Shield carriers are OPM subcontractors and entitled to federal officer removal under the Large Carrier contract, these holdings have never been extended a second level down to Prime Therapeutics (or any other PBM) as a subcontractor who supplies a mere *component* of the Large Carrier contract. Such an extension would be too attenuated.

Even if Defendants are considered "subcontractors," they provide off-the-shelf services for FEHBA plans which are no different than services they provide to commercial clients. This Court noted that a subcontractor who "sells a commercially available 'off the shelf' product to the federal government does not satisfy the 'acting under' or causal connection requirements of § 1442(a)(1)." *Ohio ex rel. Rogers v. Sherwin Williams Co.*, 2008 WL 4279579, 2008 U.S. Dist. LEXIS 70876, at \*12 (S.D. Ohio Sept. 17, 2008) (Watson, J.). In *Sherwin Williams*, this Court further recognized that the federal government's close regulation of the manufacturing process at issue did not by

6

itself establish a special relationship necessary for removal under the federal officer statute. *Id.* Thus, a subcontractor who provides off-the-shelf services for government contractors—or the federal government itself—does not act under a federal officer, even if the government closely regulates the products or services provided to it.

Here, any contractual terms Express Scripts and Prime Therapeutics identify in their oppositions do not reflect anything more than standard PBM-type services they provide to other commercial clients. *See* Express Scripts Opposition, ECF No. 55 at PageID 2399-2400 (speaking broadly about formularies and manufacturer payments); Prime Therapeutics Sealed Opposition, ECF No. 56 at PageID 2415. As noted in Prime Therapeutics' opposition, "many rebate contracts that Prime negotiated and maintained under OPM's supervision also covered Prime Therapeutics' commercial clients" and "[t]he Federal Employee Program was eligible to and earned rebates on the same terms as Prime's commercial clients[.]" Prime Therapeutics Redacted Opposition, ECF No. 57 at PageID 2483-84.

Further, while Express Scripts and Prime Therapeutics may be subject to OPM's audit and transparency standards, such standards mirror *Sherwin Williams* and demonstrate mere "close regulation" of such PBM subcontractor services. Accordingly, Defendants are simply subcontractors providing off-the-shelf PBM services to a private Blue Cross Blue Shield Large Carrier subject to regulation and supervision by OPM. Neither Express Scripts nor Prime Therapeutics act under OPM.

**B. Express Scripts' pharmacy TRICARE conduct is not causally connected to the State's sole pharmacy claim.**

The Sixth Circuit continues to follow the "causal connection" standard for determining whether a defendant acted "under color of office." Remand, ECF No. 40 at PageID 1452. Even if the Court chose to broaden the Sixth Circuit's established standard, Express Scripts' TRICARE

7

conduct must still be related to the State's actual *claim* in order for it to form a valid basis for removal. *See id.* at 1452-53. Here, there is neither a causal connection nor association between Express Scripts' TRICARE conduct and the State's sole pharmacy claim.

Express Scripts wrongly explains that the State challenges an abundance of pharmacy-related conduct. While the State does identify a variety of harmful pharmacy conduct in its Complaint, the State only asserts a claim for relief regarding one specific form of pharmacy-related conduct: clawbacks or retroactive pharmacy claim fees. Complaint, ECF No. 12 at PageID 1361. The only question causally related or even connected to this claim is whether Express Scripts engages in this behavior with retail pharmacies. And, as the State has pointed out, Express Scripts' TRICARE contract itself prohibits it from engaging in this behavior. Remand, ECF No. 40 at PageID 1460. Thus, it is impossible for a federal officer to have directed it to perform such conduct.

Because a federal officer explicitly directs Express Scripts not to engage in the conduct that comprises the entirety of the State's declaratory judgment claim, it is irrelevant whether a federal officer directs other pharmacy conduct such as maintaining a retail pharmacy network or even conducting audits.

**C. There is no plausible preemption defense for FEHBA conduct.**

Defendants' proffered preemption defense under 5 U.S.C. § 8902(m)(1) is not plausible because none of the State's legal claims relate to health insurance or plans. Ohio's Valentine Act protects and promotes market competition. It contains no provisions expressly regulating or governing health insurance or plans. *See* Ohio Rev. Code §§ 1331 *et seq*. Likewise, Ohio Rev. Code § 3959.20(C)(1) & (2) does not extend to reach federal health plans. Remand, ECF No. 40 at PageID 1462.

8

Express Scripts offers a variety of non-Sixth Circuit cases in support of its preemption defense but does not actually engage with the State's plausibility argument. *See* Express Scripts Opposition, ECF No. 55 at PageID 2401. The Sixth Circuit has not addressed how broadly to interpret the statute's "relate to health insurance or plans" phrase. But even under Express Scripts' argument that the phrase should be interpreted broadly, the cases Express Scripts relies on all center on disputes over the provision of FEHBA benefits. *Id.* Neither the Valentine Act nor Ohio Rev. Code § 3959.20(C)(1) & (2) jeopardize "the federal interest in uniformity of FEHBA plan interpretation." *In re Anthem Data Breach Litig.*, 162 F. Supp. 3d 953, 1014 (N.D. Cal. 2016) (finding that 5 U.S.C. § 8902(m)(1) did not preempt California's Unfair Competition Law) (citations omitted).

Prime Therapeutics simply reiterates that it is offering a preemption defense for FEHBA conduct and does not even address—much less dispute—the State's argument that preemption fails plausibility in this case. Prime Therapeutics Redacted Opposition, ECF No. 57 at PageID 2495-96. Additionally, Prime Therapeutics' sweeping declaration that "the terms of FEHBA contracts supersede state law" omits a key limitation of the statute. *Id.* at PageID 2496. The state law is preempted only if it relates to health insurance or plans. *Coventry Health Care of Mo., Inc. v. Nevils*, 581 U.S. 87, 94-95 (2017) ("Section 8902(m)(1) places two preconditions on federal preemption…[O]ne of the two limitations, [is that] the State's law 'relates to health insurance or plans.'"); *see Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 698 (2006) ("Section 8902(m)(1)'s text does not purport to render inoperative *any and all* state laws that in some way bear on federal employee-benefit plans.")

Defendants have not met their burden to supply a plausible preemption defense to support federal officer removal.

9

## CONCLUSION

For the forgoing reasons, Defendants cannot remove under the federal officer removal statute, and this Court should remand to the Delaware County Court of Common Pleas.

Dated: July 21, 2023

                                        Respectfully submitted,

                                        DAVE YOST
                                        Ohio Attorney General (0056290)
                                        SHAWN BUSKEN (0083585)
                                        Deputy First Assistant Attorney General

                                        _/s/ *Jason W. Palmer*_
                                        JENNIFER L. PRATT (0038916)
                                        Director of Major Litigation
                                        30 East Broad Street, 17th Floor
                                        Columbus, Ohio 43215
                                        Telephone: (614) 752-8237
                                        Fax: (614) 466-5087
                                        Jennifer.Pratt@OhioAGO.gov

                                        Beth A. Finnerty (0055383)
                                        Section Chief, Antitrust Section
                                        Edward J. Olszewski (0082655)
                                        Assistant Section Chief, Antitrust Section
                                        Jason W. Palmer (0088336)
                                        Senior Assistant Attorney General, Antitrust Section
                                        Sarah Mader (*pro hac vice*) (0102270)
                                        Assistant Attorney General, Antitrust Section
                                        30 East Broad Street, 26th Floor
                                        Columbus, Ohio
                                        Telephone; (614) 466-4328
                                        Fax: (614) 995-0266
                                        Beth.Finnerty@OhioAGO.gov
                                        Edward.Olszewski@OhioAGO.gov
                                        Jason.Palmer@OhioAGO.gov
                                        Sarah.Mader@OhioAGO.gov

                                        *Counsel for the State of Ohio, ex rel., Attorney General Dave Yost*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Notice of this filing will be sent to all other parties not represented by counsel via regular U.S. Mail.

        /s/ *Jason W. Palmer*
Jason W. Palmer
Counsel for Plaintiff the State of Ohio