UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, *ex rel.* DAVE YOST ATTORNEY GENERAL OF OHIO,<br><br>  *Plaintiff,*<br><br>v.<br><br>ASCENT HEALTH SERVICES LLC, *et al.*<br><br>  *Defendants*. | Case No. 2:23-cv-01450-MHW-CMV<br><br>Judge Michael H. Watson<br>Magistrate Judge Chelsey M. Vascura |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS HUMANA INC. AND HUMANA PHARMACY SOLUTIONS, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

The Opposition Brief (ECF No. 53, "Opp.") filed by the State of Ohio ("the State") improperly conflates Humana Inc. and its subsidiaries to gloss over the fact the Complaint alleges nothing *at all* to support jurisdiction over Humana Inc.

As to Humana Pharmacy Solutions, Inc. ("HPS"), the State appears to recognize that the Complaint's jurisdictional allegations are insufficient. The Complaint's allegations about HPS primarily concern its contract with Ascent, a Delaware-incorporated, Switzerland-based LLC – which the State wrongly identifies as a "citizen of the State of Ohio" (ECF No. 1 at ¶ 45). As HPS established in its moving papers, that is both factually incorrect and legally insufficient to subject HPS to personal jurisdiction in Ohio. *See* ECF No. 41, Humana, Inc. and HPS's Motion to Dismiss, at 5-6. In that vacuum, the State's Opposition Brief now offers entirely new jurisdictional claims against HPS. Those conclusory allegations likewise fall short of jurisdictional requirements. The Humana Defendants' Motion (ECF No. 41) should be granted.

1

# ARGUMENT

I. **This Court Lacks Personal Jurisdiction Over Humana Inc. and HPS.**

    A. **No Specific Jurisdiction Exists in this Court for Humana Inc.**

The State's Opposition Brief doubles down on the conclusory – and incorrect – assertion that Humana Inc. is the same as its co-defendant subsidiary (HPS) or other subsidiaries that the Complaint does not identify. With a single line in its brief, the State asserts that these separate entities are "collectively, 'Humana.'" Opp. at 1. Ignoring the well-established legal principles forbidding this kind of pleading (*see* ECF No. 41 at 4-5), the State's Opposition Brief then proceeds to discuss the Complaint's allegations against "Humana" without specifying whether any allegation refers to Humana Inc., to HPS, or to some other Humana entity that is not a party to this lawsuit. *See, e.g.*, Opp. at 5 (claiming "*Humana*'s operations easily pass these standards" and that "*Humana* transacted business in Ohio.") (emphasis added).

Improper defendant lumping, like that in the State's Complaint and in the new jurisdictional allegations in its Opposition Brief, cannot meet the State's jurisdictional burden. *See Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 319 (5th Cir. 2020) ("Without more, the Constitution does not permit us to impute the jurisdictional contacts of each defendant to all the others."); *see also West Coast Roofing v. Johns Manville*, 287 F. App'x 81, 86 (11th Cir. 2008) (requiring "specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient."). Rather, "[p]ersonal jurisdiction must be analyzed and established over *each defendant independently*." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006) (emphasis added) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). The State ignores this.

The State offers no argument that the Complaint's allegations against **Humana Inc.** satisfy Ohio's long-arm statute by transacting business in Ohio. Instead, it simply notes the uncontroversial facts that "Humana Inc. is a corporate parent of licensed insurance subsidiaries" and that "[a] number of Humana [subsidiaries] are licensed to provide health insurance in Ohio." Opp. at 2; *see also* ECF No. 41 at 2 (stating the same). But the State has not put forth any reason why jurisdiction exists over Humana Inc. due to the alleged actions of its subsidiaries that are not named as defendants. And in the absence of specificity by the State on this point, the Court has no reason to impute jurisdiction over Humana based on any unnamed subsidiaries.

Rather, the State relies on defendant lumping, the effectiveness of which is disproven by facts already before the Court. The State incorrectly states that Humana Inc. "provid[es] commercial coverage to Ohio residents and provid[es] pharmacy benefit management services to those same commercial patients" (Opp. at 5), even as Defendants' sworn declaration states that Humana Inc. does *not* provide pharmacy benefit management ("PBM") services, and is *not* a licensed insurance carrier in the State of Ohio. ECF No. 41-1, Kingsolver Decl. ¶¶ 5-6. Likewise, the State misunderstands Humana's corporate framework when it asserts, without citation, that "Humana Inc. . . . make[s] payments for pharmaceutical drugs to Ohio pharmacies . . . ." Opp. at 6. Rather, Humana's *subsidiaries* hold insurance licenses, provide pharmacy benefits, and pay pharmacy claims; Humana Inc. is only a holding company.[1] *See generally* ECF No. 41-1. Without any specific allegations about Humana Inc.'s activities, the State has not adequately pled that

---

[1] The State's facially wrong allegations may be disregarded by the Court even at the Rule 12 stage. *See Morrison v. Taurus Int'l Co.*, No. 3:11-CV-322, 2012 WL 5493962, at *1 (S.D. Ohio Nov. 13, 2012) ("Conclusory statements or bare allegations alone are insufficient to establish personal jurisdiction. . . . [T]he plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.").

Humana Inc. "engage[d] in significant activities within" Ohio sufficient to show purposeful availment. *Baker v. Bensalz Prods., Inc.*, 480 F. Supp. 3d 792, 803 (S.D. Ohio 2020).

Finally, the State's only allegations that Humana Inc. caused a tortious injury in Ohio are based on allegations about HPS and other subsidiaries of Humana Inc. Opp. at 7. The activities of Humana Inc.'s subsidiaries in this District cannot be imputed to Humana Inc. as a parent corporation for purposes of the personal jurisdiction analysis. *See* ECF No. 41 at 4-5.[2]

### B. The State Has Not Adequately Pled Specific Jurisdiction Over HPS.

The State has no answer to the Humana Defendants' argument that HPS's contract with Ascent – a Delaware-incorporated, Switzerland-based LLC that the State wrongly identifies as an "citizen of the State of Ohio" (ECF No. 1 at ¶ 45) – does not subject HPS to personal jurisdiction.[3] *See* ECF No. 41 at 5-6. And the Opposition Brief does not contest that HPS's "direct relationship with Ascent" provides the corpus of the State's allegations against HPS. *See* Opp. at 3; *see also* ECF No. 41 at 6. Because the State's primary jurisdictional allegations against HPS do not support the exercise of jurisdiction, HPS's jurisdictional motion should be granted.

In its Opposition Brief, the State offers a new argument that jurisdiction is proper because HPS "serv[es] more than 40,000 Ohio commercial members and administer[s] their pharmacy benefits," which the State claims would satisfy both the Ohio long-arm statute and the minimum contacts requirement. *See* Opp. at 6, 8. All this statistic means is that Humana's subsidiaries offer

---

[2] The State has not attempted to argue that this Court has general jurisdiction over Humana Inc. or HPS. And the Court does not have such jurisdiction, because neither Humana Inc. nor HPS is incorporated in Ohio or has its principal place of business in Ohio. *See* ECF No. 41-1; *see also Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028 (2023) ("'[G]eneral jurisdiction' allows all kinds of suits against a corporation, but only in States where the corporation is incorporated or has its 'principal place of business.'").
[3] By not addressing this point in the motion, the State has conceded it. *See KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 463 (6th Cir. 2019) ("A party's failure to respond to an argument raised in a motion to dismiss results in the forfeiture of that argument.").

health plans to commercial groups (*e.g.*, national employers), and those commercial groups happen to have approximately 40,000 employees located in Ohio – representing approximately four percent of commercial members insured by Humana Inc.'s subsidiary health plans.  *See* ECF No. 41-1, PageID 1522 (cited at Opp. at 2).  This allegation does not establish personal jurisdiction over HPS.

The simple allegation that Humana subsidiaries insure 40,000 commercial members who reside in Ohio does not establish jurisdiction within Ohio's long-arm statute.  Even if HPS directly contracted with those 40,000 members, which the State has not alleged (and cannot allege), "the mere existence of a contract involving a forum resident does not confer personal jurisdiction" over HPS.  *See Natl. City Bank v. Yevu*, 898 N.E.2d 52, 54 (Ohio Ct. App. 2008); *see also Conti v. Pneumatic Prod. Corp.*, 977 F.2d 978, 982 (6th Cir. 1992) (holding that such contracts would be "insufficient to automatically establish jurisdiction"); *see also Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.").

Rather, to establish minimum contacts, the State must plead "that [HPS]'s conduct and connection with [Ohio] are such that [HPS] should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).  The State has not made this showing.  The relevant precedent requires the State to allege, for instance, that HPS "actively seek[s] sales in Ohio," or that HPS has a "distribution channel with sales in Ohio," or engaged in "negotiations and dealing that took place primarily in Ohio."  *Signom v. Schenck Fuels, Inc.*, 2007 WL 1726492, at *7 (S.D. Ohio June 13, 2007).  Nor has the State alleged that HPS "made contact with an Ohio-based plaintiff in order to exploit a market within the state" in furtherance of the conspiracy at the heart of its claims.  *Baker*, 480 F. Supp. 3d at 804-05.  "What

is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 582 U.S. 255, 265 (2017).

The State's own case law illustrates this pleading failure. *See Ohio Valley Bank Co. v. Metabank*, 2019 WL 4574528, at *5 (S.D. Ohio Sept. 20, 2019) (cited at Opp. at 6) (only finding sufficient contacts in a contract breach case in which defendant sent the executed contract to "Ohio Valley Bank in Ohio" and that agreement was "governed by Ohio law" and obligated "MetaBank to make regular payments" in Ohio).[4] The Complaint has no similar allegation regarding HPS's Ohio "conduct or connection" sufficient to establish specific jurisdiction over HPS for the State's claims.

As a final resort, the State claims that its allegations about the conduct of other PBMs support the notion that its claims against HPS arise from activities in Ohio. Opp. at 3-4, 8. In none of these allegations, however, is HPS mentioned by name, and is instead apparently swept up in ambiguous references to "other PBMs." Compl. ¶ 186; *see also id.* ¶ 181 ("potentially other PBMs"), ¶ 187 ("other PBMs"), ¶ 190 (containing no reference at all to Humana Inc. or HPS), ¶¶ 193-96 (containing legal conclusions and/or conclusory allegations); *see also* Opp. at 6 (alleging that "Humana's collusive conduct with the other Defendants harms Ohioans"). These broad and collective allegations fail to "prove that jurisdiction is proper over each defendant *individually*,"

---

[4] Another of the State's cited cases – *AlixPartners LLP v. Brewington* – is instructive on this point, as the plaintiff in that case pled, unlike the sparse allegations here, specific contacts between the defendant and the forum state (there, Michigan). 836 F.3d 543, 550 (6th Cir. 2016) (finding purposeful availment where defendant "(1) pursu[ed] employment through email and telephone communications with personnel in Alix's Michigan office; (2) sign[ed] an employment agreement with a Michigan choice-of-law provision and return[ed] it to Alix's Michigan office; (3) attend[ed] a mandatory orientation session in Michigan; (4) communicat[ed] with his Michigan-based supervisors over the course of his employment; and (5) recruit[ed] Michigan candidates for a position in Alix's Michigan office.").

as clear precedent requires. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 356 (6th Cir. 2014) (emphasis added); *see also C.T. v. Red Roof Inns, Inc.*, No. 2:19-CV-5384, 2021 WL 602578, at *6 (S.D. Ohio Feb. 16, 2021) ("Allegations that individuals or entities 'conspired together' are nothing more than legal conclusions and cannot give rise to personal jurisdiction, without more particularized allegations.").

## CONCLUSION

For the reasons set forth above, Defendants Humana Inc. and HPS respectfully request that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2).

Respectfully submitted,

*/s/ Sommer L. Sheely*
Shawn R. Johnson (*pro hac vice*)
Justin D. Kingsolver (*pro hac vice*)
**CROWELL & MORING LLP**
1001 Pennsylvania Ave. NW
Washington, DC 20004
(202) 624-2500
srjohnson@crowell.com
jkingsolver@crowell.com

Jason C. Murray (*pro hac vice*)
**CROWELL & MORING LLP**
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
(213) 622-4750
jmurray@crowell.com

Anne Marie Sferra (0030855)
Sommer L. Sheely (0076071) (Trial Attorney)
**BRICKER GRAYDON LLP**
100 South Third Street
Columbus, OH 43215
(614) 227-2300
asferra@brickergraydon.com
ssheely@brickergraydon.com
*Counsel for Humana Inc. and*
*Humana Pharmacy Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.

<u>/s/ Sommer L. Sheely</u>
Sommer L. Sheely (Trial Attorney)
*Counsel for Humana Defendants*
