# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, ex rel. DAVE YOST ATTORNEY GENERAL OF OHIO<br><br>*Plaintiff,*<br><br>v.<br><br>ASCENT HEALTH SERVICES LLC; EXPRESS SCRIPTS, INC.; CIGNA GROUP; EVERNORTH HEALTH, INC.; PRIME THERAPEUTICS LLC; HUMANA PHARMACY SOLUTIONS, INC.; HUMANA INC.<br><br>*Defendants*. | Civil Action No. 2:23-cv-1450<br>Judge Michael H. Watson<br>Magistrate Judge Chelsey M. Vascura |

**THE CIGNA GROUP AND EVERNORTH HEALTH, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

In their opening brief, The Cigna Group ("Cigna") and Evernorth Health, Inc. ("Evernorth") explained that Plaintiff State of Ohio, ex rel. Dave Yost Attorney General of Ohio's ("Plaintiff") Complaint cannot support the exercise of personal jurisdiction over Cigna and Evernorth based solely on reference to conclusory, collective allegations and the mere fact that Cigna and Evernorth are holding companies of Express Scripts, Inc. ("Express Scripts"). (*See* ECF No. 42.) Plaintiff's Memorandum in Opposition to The Cigna Group and Evernorth Health, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (the "Opposition") (ECF No. 54) does not show otherwise. Indeed, the Opposition suffers from two fatal omissions.

First, Plaintiff ignores that it is the allegations in its Complaint, not those made in an Opposition brief four months later, that control whether the Complaint has established personal jurisdiction over Cigna and Evernorth.  Indeed, the Opposition is silent regarding the Complaint's most glaring defect—the lack of any non-conclusory allegations stating, directly and individually, what either Cigna or Evernorth *did* that was wrongful (much less what either entity did in Ohio).  Second, Plaintiff fails to explain why jurisdiction over holding companies with no non-conclusory alleged conduct connected to Ohio is appropriate here.  Accordingly, Plaintiff has not met its burden to establish that the Court has personal jurisdiction over Cigna and Evernorth, and both entities should be dismissed from this case.

## INTRODUCTION

Plaintiff's Complaint is a broad attack on the PBM industry alleging a parade of horribles stemming from services provided by PBMs.  Cigna and Evernorth—non-PBMs—are also named in the Complaint, though the Complaint's allegations do not involve them and, in fact, barely mention them at all.  Cigna and Evernorth are holding companies that do not provide PBM services.  Indeed, the Complaint only mentions Cigna and Evernorth specifically in three conclusory paragraphs out of the Complaint's 260 total paragraphs.  (*See* ECF No. 4201 at PAGEID 1791.)  Plaintiff attempts to remedy these shortcomings by introducing new allegations in its Opposition.  That is impermissible.  But even if the Complaint was amended to include these new allegations, Plaintiff would still be unable to establish personal jurisdiction over Cigna and Evernorth.  The reality is that Plaintiff's Complaint does not contain any non-conclusory allegations connecting Cigna and Evernorth to Ohio, and Plaintiff cannot change that reality with supplemental (and inadequate) allegations in a brief.

**ARGUMENT**

Plaintiff's Opposition fails to defeat Cigna and Evernorth's motion to dismiss for two reasons.  First, Plaintiff failed to allege that Cigna and Evernorth had connections to Ohio in its Complaint, and it cannot do so now via a brief, especially when the allegations it seeks to add are conclusory and would fail to establish personal jurisdiction anyway.  Second, Plaintiff has not alleged any factors that would warrant attributing or merging jurisdiction over Express Scripts with that over Cigna or Evernorth.

**I.      Plaintiff's Complaint did not plead conduct connected to Cigna or Evernorth.**

It is indisputable that Plaintiff "bears the burden of establishing through 'specific facts' that personal jurisdiction exists" based on the Complaint.  *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 & n.3 (6th Cir. 2006)).  Here, however, Plaintiff has not made a single non-conclusory allegation regarding Cigna and Evernorth, and Plaintiff cannot use an opposition brief as a second bite at the apple. *Rose v. Bersa*, No. 1:17-cv-252, 2020 WL 5210913, at *11 (S.D. Ohio Aug. 31, 2020) ("In ruling on Rule 12(b) . . . motions, the Court considers the pleadings, which include the Complaint, Answer, and any written instruments attached as exhibits to those documents") (citing *Roe v. Amazon*, 170 F. Supp. 3d 1028, 1032 (S.D. Ohio 2016)); Fed. R. Civ. P. 7(a); (*see also* ECF No. 42-1 at PAGEID 1791.)  In any event, even the new allegations Plaintiff asserts in its Opposition brief are insufficient to establish personal jurisdiction over Cigna and Evernorth.

First, Plaintiff does not dispute that the Court does not have general jurisdiction over Cigna or Evernorth.  Plaintiff instead claims there is specific jurisdiction over Cigna and Evernorth because Plaintiff says Cigna and Evernorth have conceded facts that they have not. For instance, Plaintiff opens its brief by wrongly claiming that: "Neither Defendant disputes the

3

State's allegations that they participate in Express Scripts, Inc.'s ("Express Scripts") operations in providing pharmacy benefit management ("PBM") services to thousands of Ohioans with commercial plans" (ECF No. 54 at PAGEID 2102) and "Express Scripts, Cigna, and Evernorth do not dispute the business relationship each maintains with Express Scripts and that Express Scripts controls roughly 38% of drug rebate negotiations in Ohio" (*id.* at PAGEID 2103).  These alleged concessions never happened; no party has yet filed an answer to the Complaint and to the extent an answer is ever required, these allegations would be denied in that pleading.  But more importantly, the relevant point for purposes of this motion is that the Complaint's allegations are conclusory and insufficient to establish personal jurisdiction even if true.  *Morrison v. Taurus Int'l. Co., Ltd.*, No. 3:11-cv-322, 2012 WL 5493962, at *1 (S.D. Ohio Nov. 13, 2012) ("Conclusory statements or bare allegations alone are insufficient to establish personal jurisdiction").  Even assuming, *arguendo*, that Cigna and Evernorth did "participate in" Express Scripts' PBM services, that is not enough to connect them to the counts in the Complaint because personal jurisdiction requires more.  *Rosenberg v. ABF Freight Sys., Inc.*, No. 2:13-cv-651, 2014 WL 1308805, at *3 (S.D. Ohio Mar. 31, 2014) ("the plaintiff also must demonstrate that there is a substantial connection between the defendant and the forum state") (Watson, J.); (ECF No. 42 at PAGEID 1781 (explaining that personal jurisdiction under Ohio Rev. Code § 2307.382(A)(1)-(2) requires entity to have "transact[ed] any business in this state" or "contract[ed] to supply services or goods in this state")).

      The fact that Cigna and Evernorth, as holding companies, have a business relationship with Express Scripts is not enough to establish personal jurisdiction.  *Ewalt v. GateHouse Media Ohio Holdings II, Inc.*, No. 2:19-cv-4262, 2023 WL 2018775, at *11 (S.D. Ohio Feb. 15, 2023) ("Absent sufficient evidence that Holding Company Defendants directly initiated or solicited

4

business in Ohio or acted in a deliberate, deceitful manner . . . personal jurisdiction . . . was lacking.").

Plaintiff concedes that its case against Cigna and Evernorth relies almost exclusively on collective allegations leveled against all Defendants, arguing *now*, four months after filing its Complaint, that these statements describe conduct by Cigna and Evernorth. (ECF No. 54 at PAGEID 2103–04.) They do not. Importantly, the Court cannot assert personal jurisdiction over Cigna and Evernorth based on "the unilateral activity of another party or a third person." *C.T. v. Red Roof Inns*, No. 2:19-cv-5384, 2021 WL 602578, at *5 (S.D. Ohio Feb. 16, 2021) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)). Rather, Plaintiff must "prove that jurisdiction is proper over each defendant individually." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 356 (6th Cir. 2014). Collective allegations claiming that all defendants "conspired together" are conclusory allegations that do not give rise to personal jurisdiction. *Red Roof Inns*, 2021 WL 602578, at *6; *see also See Ewalt*, 2023 WL 2018775, at *11-12. Plaintiff's heavy reliance on collective allegations (*see* ECF No. 42-1 at PAGEID 1791–93) and the mere fact of Cigna and Evernorth's corporate relationship with Express Scripts cannot establish personal jurisdiction over Cigna and Evernorth. (*See* ECF No. 42 at PAGEID 1782–86 (collecting cases).)

Finally, Plaintiff now for the first time argues that "Evernorth has been licensed to transact business in Ohio" and that Cigna referenced Express Scripts and Evernorth in its 10-K filings with the SEC. (ECF No. 54 at PAGEID 2106–07.) Plaintiff, however, failed to allege in the Complaint that Evernorth and Cigna had any connection whatsoever with Ohio, and 12(b)(2) jurisdiction should be decided on the pleadings alone at this stage. *Rose,* 2020 WL 5210913, at *4. And furthermore, being licensed to transact business in Ohio is not enough to establish

5

personal jurisdiction.  *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) ("the mere designation of an agent in compliance with the service-of-process statute does not automatically eliminate the requirement of minimum contacts to establish personal jurisdiction"); *Stehle v. Venture Logistics*, *LLC*, No. 3:19-cv-169, 2020 WL 127707, at *3 (S.D. Ohio Jan. 10, 2020) (same).  Nor does it matter that Cigna's SEC filings reference its corporate subsidiaries Evernorth and Express Scripts, or that Evernorth's website mentions its subsidiaries.  (*See* ECF No. 42 at PAGEID 1785–86 (collecting cases).)

Given that none of the allegations in the Complaint establish personal jurisdiction over Cigna and Evernorth, and that none of the new conclusory allegations in Plaintiff's Opposition brief are sufficient to establish personal jurisdiction, even amendment of Plaintiff's Complaint would be futile.  Accordingly, the Court should not give Plaintiff a second chance to rope Cigna and Evernorth, holding companies with no alleged or real connection to the allegations in the Complaint, into this lawsuit.

**II.     Plaintiff provides no basis for jurisdiction over Cigna or Evernorth as holding companies.**

Plaintiff admits that it cannot meet the requirements of the alter-ego doctrine.  (ECF No. 54 at PAGEID 2106 ("The State is not alleging or implying that Cigna exercised total control over Express Scripts such that it is the alter ego of Cigna for jurisdictional purposes")).  Instead, Plaintiff argues that it can: (1) "attribute" jurisdiction over Express Scripts to Cigna; and (2) "merge" jurisdiction over Express Scripts with jurisdiction over Evernorth.  It claims this collapse of corporate structures is appropriate because "Cigna and Evernorth's in-state activities revolve around their respective involvement with Express Scripts' PBM activities in Ohio."

(ECF No. 54 at PAGEID 2109.)  But nowhere in the Complaint, or in the Opposition, does Plaintiff put forward anything that could provide a sufficient basis for attribution or merger.

Moreover, to the extent Plaintiffs contend there is a difference between "attribution" and "merger" on the one hand, and alter ego theory on the other, the proper test is the alter ego test. *See Anwar v. Dow Chem. Co.*, 876 F.3d 841, 848 (6th Cir. 2017) ("This Court has held that the alter-ego theory provides for personal jurisdiction") (internal citations omitted); *Est. of Thomson ex rel. Est. of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (Courts in this Circuit…have endorsed the use of the alter-ego theory to exercise personal jurisdiction); *cf. Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014) (rejecting theory of personal jurisdiction that "subject[s] foreign corporations" to personal jurisdiction "whenever they have an in-state subsidiary or affiliate").  Regardless, this Court lacks personal jurisdiction over Cigna and Evernorth under any theory.

### a. There are no allegations that warrant attributing jurisdiction to Cigna.

Plaintiff argues that "Cigna has transacted business in Ohio *through Express Scripts*." (ECF No. 54 at PAGEID 2105 (emphasis added); *see also* PAGEID 2103 (acknowledging that Cigna and Evernorth's "business relationship" to drug rebates in Ohio is as "corporate parents of Express Scripts"); PAGEID 2013–04 (discussing that Cigna and Evernorth cause harm in Ohio only "in combination with the other Defendants").)  That is not enough for attribution, purposeful availment, or to connect Evernorth and Cigna to the Complaint because the fact that a holding company's subsidiary does business in the forum state is not enough to establish personal jurisdiction over the holding company in the absence of evidence showing "the existence of intimate, day-to-day oversight." *Ewalt*, 2023 WL 2018775, at *7, 12 (even evidence

7

of "some indication that Holding Company Defendants had influence over" subsidiaries not enough for attribution, merger, or a finding of personal jurisdiction).

Moreover, the fact that Cigna acquired Express Scripts Holding Company (now Evernorth) in 2018 is insufficient to meet the requirements for "attribution" which "most typically occurs when a nonresident parent distributes its products in the forum through the use of a subsidiary but can also be found when a 'parent uses the subsidiary to do what it otherwise would have done itself.'" *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, No. 2:06CV126, 2006 WL 3043115, at *10 (S.D. Ohio Oct. 4, 2006) (citing *In re Telectronics Pacing Sys., Inc.*, 953 F. Supp. 909, 919 (S.D. Ohio 1997)). Notably, the Supreme Court found a similar test imposing jurisdiction when a corporation uses a subsidiary to do "something that the corporation would do 'by other means' if the . . . subsidiary . . . did not exist" to be too "sprawling" a view of personal jurisdiction. *Daimler AG*, 571 U.S. at 136. Regardless, Plaintiff's Complaint does not contain a single allegation supporting the idea that Express Scripts distributes products for Cigna, or that Cigna uses Express Scripts to do what Cigna would otherwise do itself. Nor does it follow that this would be so just because Cigna acquired Express Scripts nearly five years ago. Indeed, there are no allegations in the Complaint that the Cigna holding company at issue in this motion (The Cigna Group) provided PBM services before the acquisition, or about what this Cigna entity would "otherwise . . . have done itself," much less how whatever plaintiff may hypothesize this entity would have done relates to Ohio or the issues in this case. Corporate forms and corporate

realities should not be so cavalierly disregarded. Cigna should be dismissed for lack of personal jurisdiction.

### b. There are no allegations supporting merger jurisdiction over Evernorth.

Merger jurisdiction over Evernorth is also inappropriate because the Complaint does not allege that Evernorth and Express Scripts are "so closely aligned that it is reasonable for the parent to anticipate being 'haled' into the forum because of its relationship with its subsidiary." *Executone of Columbus, Inc.*, 2006 WL 3043115, at *10 (citing *In re Telectronics Pacing Sys., Inc.*, 953 F. Supp. at 919). As in *Executone*, merger is not appropriate where, as here, "there is no evidence that [the parent company] controls what occurs in the day-to-day operations" of the subsidiary. *Id.* at *11. In addition to considering "day-to-day" control, courts that recognize "merger" jurisdiction consider several other factors, including "an overlap in board of directors and officers, interchange of personnel between the parent and the corporation, exchange of documents and records between the parent and the subsidiary, listing subsidiary as a branch, agent or division of the parent, or indicating that the subsidiary and parent are part of the same entity." *Id.* Plaintiff's Complaint does not allege sufficient facts for *any* of these factors to support merger jurisdiction or a finding of purposeful availment. (*See* ECF No. 42-1 at PAGEID 1791.) The fact that Plaintiff attempts to allege them now in a brief is beside the point, as jurisdiction is established according to the pleadings. *See Ewalt*, 2023 WL 2018775, at *4 (courts "must consider the pleadings and affidavits" when ruling on a 12(b)(2) motion). Moreover, Plaintiff does not explain how its new allegation of Evernorth being licensed to conduct business in Ohio relates to these factors. Nor how the mere listing of Express Scripts as a brand/subsidiary on Cigna's 10-K alone could be enough to satisfy these factors or imply that Evernorth (let alone Cigna) controls the "day-to-day operations" of Express Scripts. *Executone*

9

*of Columbus, Inc.*, 2006 WL 3043115, at *11 (declining to apply merger jurisdiction where subsidiary met only some factors). Likewise, the fact that Evernorth lists the president of its subsidiary Express Scripts on its website does not show an overlap in the board of directors or any inappropriate interchange.[1]

Nor does the fact that Evernorth, along with Express Scripts, sought removal to this Court somehow establish personal jurisdiction over Evernorth. Contrary to Plaintiff's contention, Evernorth did not somehow "join[] itself to all PBM activities with Express Scripts" merely by being included in the removal papers. (*See* ECF No. 54 at PAGEID 2108.) Evernorth is a holding company of a number of subsidiaries, including Express Scripts. As explained in the Declaration of Thomas D. Jenkins in Support of Defendants' Opposition to Plaintiff State of Ohio's Motion to Remand, Express Scripts and the Express Scripts Pharmacy are responsible for administering services to the Department of Defense that are attacked in the Complaint. (*See* ECF No. 55-1 at PAGEID 2406-09.) Evernorth appropriately sought to protect its rights as a federal officer to the extent this Court believes it has personal jurisdiction over Evernorth. Plaintiff has not pointed to any authority supporting the notion that a Court automatically has personal jurisdiction over a party because they joined their subsidiary and other parties in removing an action pursuant to 28 U.S.C. § 1442(a)(1) (the "Federal Officer Removal Statute").

---

[1] Contrary to Plaintiff's assertion that Evernorth's list of officers "includ[es] Express Scripts officers[,]" the reality is that Evernorth's website lists its own leadership, along with a single officer from Express Scripts, its subsidiary. (ECF No. 54 at PAGEID 2107.) The website does not list overlapping officers or indicate that this is the case.

10

As with Cigna, Plaintiff has not established that personal jurisdiction is warranted over Evernorth.

## **CONCLUSION**

For the foregoing reasons, and those in Defendants Cigna and Evernorth's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 42), Cigna and Evernorth respectfully request that the Court dismiss them from this case for lack of personal jurisdiction.

Dated:  July 21, 2023

RULE GARZA HOWLEY LLP

Charles F. Rule*
Daniel J. Howley*
Emily M. Renzelli*
Benjamin Z. Bergmann*
Erica N. Baum*
1701 Pennsylvania Ave. NW,
Suite 200
Washington, D.C. 20006
Telephone: (202) 843-9280
rule@rulegarza.com
howley@rulegarza.com
bergmann@rulegarza.com
baum@rulegarza.com

*Admitted *pro hac vice*

*Counsel for The Cigna Group and Evernorth Health, Inc.*

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

*/s/ David J. Butler*
David J. Butler (0068455), Trial Attorney
41 South High Street, Suite 1800
Columbus, Ohio 43215
(614) 221-2838
dbutler@taftlaw.com

Jeanne M. Cors (0070660)
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
cors@taftlaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 21, 2023, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties in this case by operation of the Court's CM/ECF system.  Parties may access this filing through the Court's system.

                                                 */s/ David J. Butler*
                                                 David J. Butler (0068455)