UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STATE OF OHIO,** *ex rel.* **DAVE YOST, ATTORNEY GENERAL OF OHIO,**

    **Plaintiff,**

  v.

**ASCENT HEALTH SERVICES LLC,** *et al.*,

    **Defendants.**

**Civil Action 2:23-cv-1450**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

  Plaintiff, the Attorney General of Ohio, brings this action under the Ohio Valentine Act, alleging that Defendants have engaged in improper and abusive practices in the pharmacy benefit manager industry that constitute a series of unlawful combinations under Ohio State law. This matter is before the Court on Defendants' Motion for Protective Order and to Stay Discovery (ECF No. 43). Therein, Defendants seek a stay of all discovery in this case pending resolution of Plaintiff's Motion to Remand this action to the Court of Common Pleas for Delaware County, Ohio for lack of subject-matter jurisdiction (ECF No. 40) and certain Defendants' Motions to Dismiss for lack of personal jurisdiction (ECF Nos. 41–42). For the following reasons, Defendants' Motion to Stay Discovery (ECF No. 43) is **DENIED**.

      **I.**  **BACKGROUND**

  Plaintiff commenced this action in the Court of Common Pleas for Delaware County, Ohio, on March 27, 2023. (Compl., ECF No. 12.) On April 27, 2023, Defendants jointly

removed the action to this Court. (Not. of Removal, ECF No. 1.) On June 2, 2023, Plaintiff filed a Motion to Remand the action to state court, arguing that this Court lacks subject-matter jurisdiction over Plaintiff's claims. (ECF No. 40.) That same day, Defendants Humana Inc., Humana Pharmacy Solutions, Inc., The Cigna Group, and Evernorth Health, Inc. filed Motions to Dismiss for lack of personal jurisdiction (ECF Nos. 41–42). Finally, also on June 2, 2023, all seven Defendants jointly filed the subject Motion to Stay Discovery. (ECF No. 43.) All seven Defendants seek a complete stay of discovery pending resolution of Plaintiff's Motion to Remand; Defendants Humana Inc., Humana Pharmacy Solutions, Inc., The Cigna Group, and Evernorth Health, Inc. also seek a complete stay of discovery pending resolution of their Motions to Dismiss. (*Id.*)

## II. STANDARD OF REVIEW

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe*

2

*Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In resolving a motion to stay discovery, a court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1 (citing *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio, Mar. 4, 2008)). "The Court [ ] must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977). The proponent of the stay bears the burden of showing the need for the stay and that "neither the other party nor the public will suffer harm from entry of the order." *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *2 (S.D. Ohio Dec. 10, 2020) (citing *id.*).

### III.  ANALYSIS

Defendants have not demonstrated that a stay of discovery is appropriate. In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious

>resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *Young v. Mesa Underwiters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *2–3 (S.D. Ohio Oct. 19, 2020) ("Absent a request to dismiss on the grounds of immunity or lack of jurisdiction, it is the rare case where the Court will stay discovery based on a pending dispositive motion.").

Although Plaintiff's Motion to Remand rests on lack of subject-matter jurisdiction and does not implicate the sufficiency of the pleadings under Rule 12(b)(6), this Court has frequently denied stays of discovery in the face of motions to dismiss for lack of subject-matter jurisdiction. *See, e.g.*, *Ohio Bell*, 2008 WL 641252, at *2; *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013); *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020); *Hopper v. Credit Assocs., LLC*, No. 2:20-CV-522, 2021 WL 2800707, at *2 (S.D. Ohio July 6, 2021); *Ames v. LaRose*, No.

4

2:22-CV-2085, 2022 WL 11615872, at *3 (S.D. Ohio Oct. 20, 2022).[1] In such cases, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which weighs in favor of a stay), or "fairly debatable" (which weighs against a stay). *See Ohio Bell*, 2008 WL 641252, at *2; *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3.

The undersigned takes no position on the outcome of Plaintiff's Motion to Remand; however, the jurisdictional issues are best described as fairly debatable rather than clear-cut. The parties dispute whether Plaintiff's allegations provide a basis for federal officer removal under 28 U.S.C. § 1442. Specifically, the parties disagree as to whether Plaintiff's allegations sufficiently relate to Defendants' federal contracts. (*See* Pl.'s Mot. to Remand 4–5, ECF No. 40; Defs.' Mem. in Opp'n 6, 15, ECF No. 55.) Thus, "there is little certainty at the moment concerning the issue of subject matter jurisdiction, and this uncertainty counsels against granting a stay of discovery." *Ohio Bell*, 2008 WL 641252, at *2.

Nor do the Motions to Dismiss for lack of personal jurisdiction by Defendants Humana Inc., Humana Pharmacy Solutions, Inc., The Cigna Group, and Evernorth Health, Inc., warrant a stay of discovery. *See Charvat v. NMP, LLC*, No. 2:09-CV-209, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009) ("the impact of these types of motions [*i.e.*, motions to dismiss for lack of subject-matter jurisdiction versus personal jurisdiction] on the issue of whether discovery should proceed is not substantially different"). Motions under Rule 12(b)(2) rarely provide grounds for stay because they go not to the merits, but merely to the forum in which the merits of the case

---

[1] Although these cases addressed motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and not motions to remand for lack of subject-matter jurisdiction, the Court can discern no consequential distinction between these procedural postures for motions to stay discovery.

5

will be decided. *See DSM Desotech, Inc. v. Momentive Specialty Chemicals, Inc.*, No. 2:15-CV-70, 2015 WL 7450893, at *11 (S.D. Ohio Nov. 24, 2015) ("requests for stays pending resolution of [motions] that do not go to the merits of the case are less compelling") (collecting cases).[2]

Further, Defendants have made no showing that responding to Plaintiff's written discovery requests will be unduly burdensome. Although responding to discovery will entail some expenditure of time and resources, this is "the same burden that nearly every defendant in this Court faces in civil litigation." *Young*, 2020 WL 7407735, at *3. And Defendants' assertion that there are unspecified "key differences" between the relevant federal and state procedural rules and that Defendants may be subject to the "potentially immense expense and burden" if they are required "to comply with discovery rulings that would have no effect if the case were remanded" amount to no more than speculation. "Alleged costs associated with discovery, without details of a specific burden, are unlikely to justify a stay of discovery." *Malibu Media, LLC v. Doe*, No. 2:14-CV-1132, 2015 WL 2128156, at *1 (S.D. Ohio May 6, 2015); s*ee also, e.g., City of Lancaster v. Flagstar Bank, FSB,* No. 10–cv–1041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011*)* (denying the motion to stay discovery where the party filing the motion "ma[de] no effort to detail the specific burdens it will face from discovery in this case; nor [did] it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion"). Further, the risk that this Court might enter a discovery order that may later be rendered ineffective is a risk of Defendants' own creation—if Defendants had wished to

---

[2] Defendants argue that "the Complaint's scant, conclusory references to the Parent Company Defendants—linking them to no conduct or no place—are insufficient for the case against them to *proceed anywhere*." (Reply 10–11, ECF No. 61) (emphasis added). However, arguments as to the sufficiency of the Complaint's allegations are evaluated under Rule 12(b)(6), and Defendants expressly disclaimed any arguments under Rule 12(b)(6) in their Rule 12(b)(2) motions. (ECF No. 41, 1 n.1; ECF No. 42, 1 n.2.)

confine the case to a single possible set of discovery rulings, then they should not have removed the action to this Court. They did so, presumably, because they preferred some aspects of federal procedure or law. Having voluntarily exercised the option to remove, Defendants cannot now complain that some consequences of removal may be burdensome. The undersigned therefore finds that any burden on Defendants caused by responding to discovery is outweighed by Plaintiff's right to have the claims resolved in a timely and efficient manner. *See Young*, 2020 WL 7407735, at *3.

Finally, Defendants' assertion that a stay of discovery will not prejudice Plaintiff is unavailing. A plaintiff has an interest in the speedy resolution of its case. *See Per Servs., LLC v. Van Sickle*, No. 2:20-CV-05539, 2021 WL 1030224, at *2 (S.D. Ohio Feb. 22, 2021). Put another way, a plaintiff has "a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. Consistently, Federal Rule of Civil Procedure 1 states that the rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Application of these principles here weighs against granting a stay of discovery.

## IV.  DISPOSITION

For the foregoing reasons, Defendants' Motion for Protective Order and to Stay Discovery (ECF No. 43) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE