UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

State of Ohio, *ex rel.* Dave Yost
Attorney General of Ohio,

        Plaintiff,

v.

Ascent Health Services LLC, *et al.*,

        Defendants.

Case No. 2:23-cv-1450

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

There are several pending motions before the Court:

- State of Ohio, *ex rel.* Dave Yost Attorney General of Ohio ("Plaintiff") moves to remand this case to state court. ECF No. 40.

- Humana Inc., Humana Pharmacy Solutions, Inc., and Cigna Group move to dismiss for lack of personal jurisdiction. ECF Nos. 41 & 42.

- Ascent Health Services LLC, Cigna Group, Evernorth Health, Inc., and Express Scripts, Inc. move to file a sur-reply. ECF No. 63.

- Prime Therapeutics LLC, Humana Inc., Humana Pharmacy Solutions, Inc., Ascent Health Services LLC, Cigna Group, Evernorth Health, Inc., and Express Scripts, Inc.[1] move to dismiss for failure to state a claim. ECF Nos. 76, 77, & 78

- Attorney Margaux Poueymirou moves for leave to appear pro hac vice. ECF No. 79.

---

[1] Ascent Health Services LLC, Express Scripts, Inc., The Cigna Group, Evernorth Health, Inc., Prime Therapeutics LLC, Humana Pharmacy Solutions, Inc., and Humana Inc. are collectively referred to as "Defendants."

As an initial matter, the motion for leave to file a sur-reply is **DENIED**. The Court can assess the motion to remand without the help of a sur-reply.

For the following reasons, Plaintiff's motion to remand is **GRANTED**. Because the Court remands the case, it does not consider the other motions.

## I. FACTS

Plaintiff brings this action for alleged anti-competitive conduct in the pharmaceutical industry. *See generally*, Compl., ECF No. 12. According to Plaintiff, several pharmacy benefit managers, most notably Express Scripts, Inc., and other healthcare-related entities have colluded to fix prescription prices and otherwise unlawfully profit from an anti-competitive scheme. *Id.* Based on these allegations, Plaintiff asserts claims under Ohio's Valentine Act and Ohio's Deceptive Trade Practices Act. *Id.*

## II. STANDARD OF REVIEW

Defendants removed this case under 28 U.S.C. § 1442(a)(1),[2] sometimes called the "federal officer removal statute." 28 U.S.C. § 1442(a)(1) provides as follows:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

---

[2] The notice of removal references "preemption." Notice ¶¶ 82–89, ECF No. 1. Federal preemption can be a basis for federal-question jurisdiction. *See, e.g., Healthcare Venture Partners, LLC v. Anthem Blue Cross & Blue Shield*, No. 1:21-CV-29, 2021 WL 5194662, at *2–3 (S.D. Ohio Nov. 8, 2021). Here, however, Defendants are clearly *not* seeking removal based on federal-question jurisdiction and, therefore, the Court does not address whether preemption would provide a separate basis for removal.

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The statute protects federal interests by allowing federal officials—and those acting under a federal officer—to present their federal immunity defenses in federal court, rather than state courts, which may be hostile to such defenses. *See Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 150–51 (2007) (interpreting a prior version of the statute). The statute must be liberally construed. *Id.* at 147.

## III. ANALYSIS

Although Defendants removed this case under the federal officer removal statute, no Defendant is itself a federal officer. Under the federal officer removal statute, if the removing party is not a federal officer, it must satisfy a three-pronged test to properly remove under that statute:

> (1) the defendants must establish that they acted under a federal officer, (2) those actions [for which they are sued] must have been performed under color of federal office, and (3) the defendants must raise a colorable federal defense.

*Friedman v. Montefiore*, No. 22-3703, 2023 WL 4536084, at *5 (6th Cir. July 13, 2023) (internal quotation marks and citation omitted).

However, even if a defendant establishes all three prongs, if the plaintiff validly disclaims (or waives) any claim that would give rise to federal officer

removal and if remand is otherwise appropriate, then remand may be warranted. *See Healthcare Venture Partners, LLC*, 2021 WL 5194662, at *6; *see also Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 715, n.28 (5th Cir. 2015) ("Courts regularly recognize post-removal claim disclaimers in federal officer proceedings." (citation omitted)).

When evaluating whether remand is appropriate based on a post-removal waiver, a court must first consider whether "the terms of the waiver offered by the plaintiff [are] effective," or whether they are "merely artful pleading for purposes of circumventing federal officer jurisdiction[.]" *Healthcare Venture Partners, LLC*, 2021 WL 5194662, at *6 (quotation marks and citations omitted). If the waiver is effective, then a court must decide whether judicial economy, comity, and fairness support remand. *Id.* (citations omitted).

Here, Plaintiff disclaims a basis for federal officer removal. Thus, if the disclaimer is effective and remand is otherwise appropriate, the Court will remand the case.

### A. Is Plaintiff's disclaimer effective?

The "key inquiry" in deciding whether a disclaimer is effective is "whether the terms of a given disclaimer would interfere with the protection to federal officers (or contractors) that § 1442(a)(1) is designed to provide." *See Healthcare Venture Partners, LLC*, 2021 WL 5194662, at *8. Thus, an effective disclaimer cannot broadly disclaim "any claim arising under federal law" or "any claim arising from the acts of any federal officer." *Id.* at *7–8. With that sort of

broad disclaimer, "state courts would need to decide when and to what extent the contractors were entitled to protection as 'federal officers[.]'" *Id.* at *7. That could "potentially depriv[e] federal contractors of the insulation from state-court decision-making that the removal statute was designed to provide." *Id.* If, however, "a disclaimer is sufficiently clear and specific," then the state court on remand "would not be left to determine whether an action was taken on behalf of an officer of the United States and under color of office[.]" *Id.* at *8; *see also Dougherty v. A O Smith Corp.*, No. CV 13-1972-SLR-SRF, 2014 WL 3542243, at *10 (D. Del. July 16, 2014), *report and recommendation adopted sub nom. Dougherty v. A.O. Smith Corp.*, No. CV 13-1972-SLR-SRF, 2014 WL 4447293 (D. Del. Sept. 8, 2014) ("[F]ederal courts have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which federal officer removal was based.").

Here, Plaintiff offers the following disclaimer:

> [Plaintiff's] claims do not challenge the operation or administration of federal health benefits programs such as TRICARE or [Federal Employees Health Benefits ("FEHB")]. [Plaintiff] does not seek recovery for the types of [pharmacy benefit managers] or pharmacy services Removing Defendants identify in their notice of removal as they relate to TRICARE or FEHB plans . . . . The State only brings claims and seeks recovery for actions [] Defendants took related to commercial or State of Ohio-sponsored health plans.

Mot. 10, ECF No. 40 (internal citation omitted).

Plaintiff's disclaimer is effective. Unlike the broad "any claim" disclaimers that Courts have found ineffective, Plaintiff's disclaimer clearly identifies that it

does not challenge conduct related to TRICARE or FEHB. Thus, Plaintiff's waiver provides "a discrete and readily identifiable category" of claims it disclaims and, therefore, remand would not "require the state court to consider the contours of the federal officer removal statute." *Healthcare Venture Partners, LLC*, 2021 WL 5194662, at *8. As a result, Plaintiff's disclaimer is effective.

Defendants disagree, primarily arguing that Plaintiff's disclaimer is ineffective because the Complaint challenges conduct indivisible from conduct related to TRICARE or FEHB. Resp. 10–14, ECF No. 55. At least one other federal court has already rejected this argument:

> The Court also rejects Express Scripts' indivisibility argument. Because this case does not make any claims related to federal programs, a decision in this case would have no impact on [medication] prices under any federal program because relief would be strictly limited to non-federal health insurance plans. Thus, upon remand, the state court would not need to address any issue related to Defendants' contracts with the federal government nor would Defendants have any colorable federal defense because the claims asserted do not involve federal programs or federal actors. Just because Defendants conduct business in a particular way, [*i.e.*,] negotiations with manufacturers do not take place on a plan-by-plan basis, does not mean that they cannot conduct negotiations differently pursuant to a court order. Moreover, the Court is not persuaded that dividing the work done by Defendants on behalf of the federal government from the work done for its private clients is not possible in this case.

*Gov't of Puerto Rico, v. Eli Lilly & Co.*, No. CV 23-1127 (JAG), 2023 WL 4830569, at *2 (D.P.R. July 13, 2023). This Court agrees with the *Eli Lilly* Court's reason and thus also rejects Defendants' indivisibility argument.

At bottom, as in *Healthcare Venture Partners, LLC*, Plaintiff's post-removal disclaimer is effective.

**B.     Do judicial economy, comity, and fairness support remand?**

Even if there is an effective disclaimer, a court must examine whether the interests of "comity, fairness, and judicial economy" support remand. *Id.* at *9 (citation omitted). In doing that examination, a Court might consider the age and progress of the case and whether state-law or federal-law claims predominate. *Id.* at *9–10.

Here, comity, fairness, and judicial economy favor remand. First, the case is relatively young: the original state-court Complaint was filed in March 2023, the discovery period has almost a year remaining in it, and dispositive motions are not due until early 2025. *See* ECF Nos. 12 & 35. Second, the case is entirely comprised of state-law claims and, therefore, "[c]omity suggests that an Ohio court, not the federal court, would be better positioned to adjudicate those claims." *Healthcare Venture Partners, LLC*, 2021 WL 5194662, at *10.

In sum, Plaintiff effectively disclaimed any basis for federal officer removal and comity, fairness, and judicial economy support remand. Therefore, the Court remands this case to the Delaware County Court of Common Pleas.

Because the Court remands the case, it need not address the other pending motions to dismiss.

## IV. CONCLUSION

For these reasons, Plaintiff's motion is **GRANTED**; the case is **REMANDED** to the Delaware County Court of Common Pleas.

The Clerk shall terminate all pending motions and close the case.

However, the Clerk shall not mail this Opinion and Order to the Delaware County Court of Common Pleas **FOR SEVEN DAYS**.

**IT IS SO ORDERED.**

*[Signature]*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**