**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

STATE OF OHIO, ex rel. DAVE YOST
ATTORNEY GENERAL OF OHIO

*Plaintiff*,

v.

ASCENT HEALTH SERVICES LLC;
EXPRESS SCRIPTS, INC.; CIGNA
GROUP; EVERNORTH HEALTH, INC.;
PRIME THERAPEUTICS LLC; HUMANA
PHARMACY SOLUTIONS, INC.;
HUMANA INC.

*Defendants*.

Civil Action No. 2:23-CV-1450

Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

**Plaintiff State of Ohio's Opposition to Defendants' Motion to Stay**
**Mailing of Remand Order Pending Appeal**

Plaintiff State of Ohio, through Attorney General Dave Yost, submits its opposition to

Defendants Express Scripts, Inc., Prime Therapeutics LLC, Ascent Health Services LLC, The

Cigna Group, Evernorth Health, Inc., Humana Pharmacy Solutions, Inc., and Humana Inc.,

(collectively, "Defendants") Motion to Stay. Defendants' Motion should be denied for two

reasons.

First, Defendants' argument that a notice of appeal automatically strips this Court of

jurisdiction to mail its remand order is not the law of the Sixth Circuit. Second, Defendants have

failed to demonstrate the showing required of the Supreme Court's discretionary stay factors.

Accordingly, the State respectfully requests that the Court deny Defendants' Motion to Stay in its

entirety.

**<u>Memorandum in Support of Plaintiff State of Ohio's Opposition to Motion to Stay</u>**

I.     **A Notice of Appeal of a remand order does not automatically divest a district court of jurisdiction to mail a remand to state court.**

An appeal of a remand order does not automatically enjoin a district court from certifying and mailing the remand. Defendants posit a dramatic expansion of the Supreme Court's *Griggs* dicta and *Coinbase* holding to reach their unprecedented proposition that their notice of appeal automatically divests this District Court of jurisdiction. *Griggs* states the *general* principle that filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *Coinbase*'s straightforward holding requires an automatic litigation stay pending an appeal to compel arbitration. *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1919 (2023). Only one case in the Sixth Circuit has briefly mentioned (but not expounded) that filing a notice of appeal "automatically" divests jurisdiction. *Slone v. Brennan (In re Fisher)*, No. 3:06-cv-070, 2007 U.S. Dist. LEXIS 37291 at *4 (S.D. Ohio May 22, 2007). However, no case in the Sixth Circuit has ever reached Defendants' expressed conclusion about remand either under *Griggs*' dicta or *Coinbase*'s holding.

There are three striking errors underlying Defendants' proposition of law. First, the *Coinbase* holding is limited to automatic stays of litigation pending an appeal to *compel arbitration. See id.* The *Coinbase* Court's reasoning could result in a potential upheaval of civil procedure, so the majority opinion declined to extend its holding to reach all interlocutory appeals. *See Coinbase*, 143 S. Ct. at 1923 (suggesting but not holding that "a stay in the forum selection context *could* be required only in those cases where there is a certified §1292(b) interlocutory appeal of the forum selection issue") (emphasis added); *Coinbase*, 143 S. Ct. at 1931 (Jackson, J., dissenting) ("Today's holding reaches only arbitration appeals under § 16(a). And it might well be that the

concerns motivating today's mandatory-general-stay rule do not extend beyond arbitration. So the majority will not commit, for example, to concluding that appeals over non-arbitration forum-selection clauses warrant the same mandatory stay."). Nowhere does the holding or the reasoning reach divesting district courts of jurisdiction in remand contexts. To apply the Supreme Court's reasoning to a markedly different circumstance it did not address significantly expands the *Coinbase* holding.

Second, nearly all cases that Defendants cite to support an automatic stay of district court jurisdiction fall within the *Coinbase* Court's reasoning of protecting appealing parties from having to litigate the suit *at all*. *See, e.g.*, *United States v. Trump*, No. 23-cr-257, 2023 U.S. Dist. LEXIS 221493 at *1–3 (D.D.C. Dec. 13, 2023) (reviewing motion to stay proceedings in an absolute immunity order appeal); *Howmet Aero. Inc. v. Corrigan*, No. 1:22-cv-713, 2023 U.S. Dist. LEXIS 11180 at *4–5 (reviewing motion to stay proceedings in an interlocutory arbitration appeal); *Apostol v. Gallion*, 870 F.2d 1335, 1337–38 (7th Cir. 1989) (reviewing motion to stay proceedings in a qualified immunity order appeal); *Glob. Innovative Concepts, LLC v. Div. of Em. Mgmt.*, No. 5:23-cv-69, 2023 U.S. Dist. LEXIS 208726, at *3 (E.D.N.C. Nov. 21, 2023) (reviewing motion to stay proceedings in a sovereign immunity order appeal). But Defendants are not appealing an order forcing them to defend against the State's suit; here, Defendants are appealing an order only about where the suit belongs.

Additionally, the only case Defendants cite that applies *Coinbase* in a forum context—*A.O.A. v. Rennert*—is easily distinguishable. This non-Sixth Circuit case dealt with staying all district court proceedings while defendants appealed the denial of their motion to dismiss under transnational doctrines. *A.O.A. v. Rennert*, No. 4:11-cv-44, 2023 U.S. Dist. LEXIS 225091, at *4 (E.D. Mo. Sept. 5, 2023). The appeal centered on whether the case should be litigated in the United

3

States or in Peru. *Id.* In support of their original motion to dismiss and their appeal, defendants raised Peru's sovereign rights and the United States-Peru trade agreement which declared Peru the exclusive forum for plaintiffs' claims. *Id.* at \*4, n.1. The international scope and stage of the case understandably gave the court pause to consider staying all proceedings while an appeal was ongoing. *See id.* at \*4–5 (discussing how the case had already progressed to the summary judgment phase). But remand for the State's case in which discovery has barely begun implicates none of these issues.

Third, the *Griggs*' dicta that Defendants call on do not foreclose continuing District Court jurisdiction. *Griggs* states the *general* principle that filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). To follow this generality to its logical conclusion, this principle would divest this Court of jurisdiction to decide Defendants' Motion to Stay the Mailing of the Remand since this very aspect—remand—is involved in the appeal. But the Federal Rules of Appellate Procedure directly contravene *Griggs*' general principle, demonstrating that *Griggs* does not and cannot mean that jurisdiction is automatically divested upon appeal. *See* Fed. R. App. Pr. 8(a) (instructing parties to first move in the district court for a stay of a district court judgment or order pending appeal).

Defendants' reliance on *Coinbase*, while creative, is not the law. Since *Coinbase* was decided, several federal circuit courts of appeals have declined to use its reasoning to address staying district court proceedings or recalling remand orders while an appeal was pending. *Plaquemines Par. v. Chevron United States, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (post-*Coinbase* case applying the Supreme Court's *Nken* discretionary factor analysis to review a motion to stay pending appeal); *State of California v. Express Scripts, Inc. et al.*, No. 23-55599, 2023 U.S. App.

LEXIS 26081 (9th Cir. Oct. 2, 2023) (rejecting Express Scripts' *Coinbase* jurisdiction arguments in Express Scripts' motion to recall a remand order and applying *Nken* discretionary factors). Notably, the Ninth Circuit Court of Appeals recently rejected Defendants' *Coinbase* arguments in a California Attorney General suit against certain PBMs (including Express Scripts) and drug manufacturers. *See* Express Scripts, Inc.'s Motion to Order the Recall of the Remanded Case Pending Appeal, *State of California v. Express Scripts, Inc. et al.*, No. 23-55599, 2023 U.S. App. LEXIS 26081 (9th Cir. Oct. 2, 2023). For reasons that can readily be surmised, Defendants have omitted any mention of this inconvenient authority in their supporting Memorandum. Defendants' motion must be evaluated, instead, under the long-established analysis for discretionary stays.

## II.    No discretionary stay is warranted because Defendants fail to satisfy the four factors.

The Supreme Court's four-factor discretionary stay analysis is the appropriate way to determine whether Defendants' motion to stay is warranted. This Circuit follows the Supreme Court's four factors and requires that moving parties show (1) a sufficient probability of success on the merits; (2) irreparable injury to the moving party; (3) whether other parties would be harmed by the stay; and (4) the public interest in granting the stay. *Mich. Coal. of Radioactive Material Users, Inc v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).  Defendants fail to satisfy all four of these factors.

### A.  Defendants are unlikely to succeed on the merits.

In discussing the likelihood of their success on the merits, Defendants begin by making several inaccurate observations about this Court's remand order. First, contrary to Defendants' statement, this Court's remand order relied primarily on a decision from the Southern District of Ohio, while citing to additional support from other federal district courts. Remand Order, ECF No. 97 at PAGEID 2915–19 (relying on *Healthcare Venture Partners, LLC v. Anthem Blue Cross &*

*Blue Shield*, No. 1:21-CV-29, 2021 WL 5194662, at *2-3 (S.D. Ohio Nov. 8, 2021), while also referring to other district court cases). Second, Defendants' contention that the Court's order "t[ook] no issue with the status of Express Scripts or Prime 'acting under' federal officers" is misleading. Motion to Stay, ECF No. 101 at PAGEID 2956. The Court's order simply did not address *any* position it may have had on Defendants' alleged status as federal officers, because the Court correctly found that the State's post-removal disclaimer negated any potential basis for federal officer removal. Remand Order, ECF No. 97 at PAGEID 2919 ("In sum, Plaintiff effectively disclaimed any basis for federal officer removal and comity, fairness, and judicial economy support remand.").

Defendants then devote the bulk of this factor's argument to repeating their federal officer arguments from the remand briefing. *See* Motion to Stay, ECF No. 101 at PAGEID 2955–57. Tellingly, they raise no new arguments to bolster their position that they are likely to succeed in defeating either the State's post-removal disclaimer or its arguments that Defendants are not federal officers. Instead, Defendants attempt to sow "reasonable doubt" in the Court's conclusion by claiming that post-removal actions are ineffective in the Sixth Circuit. *Id.* at PAGEID 2958. But the two Sixth Circuit cases Defendants rely on to demonstrate uncertainty with the Court's order discuss attempted post-removal stipulations to defeat *diversity* jurisdiction. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 870 (6th Cir. 2000); *Hampton v. Safeco Ins. Co.*, 614 F. App'x 321, 322, 324 (6th Cir. 2015). Further, unlike the post-removal circumstances in these two cases, the State's disclaimer could not have been foreseen before removal and could only have been submitted in support of the remand motion.  This presents a substantially different scenario from a post-removal affidavit seeking to defeat diversity jurisdiction.

6

As Defendants have repeatedly insisted throughout their Motion, federal officer removal is distinct from the two traditional methods of removal: diversity and federal question. This uniqueness has been recognized in federal courts around the country; federal courts have crafted unique rules—including post-removal disclaimers—that do not adhere to the traditional jurisdiction analyses Defendants claim applies. *See e.g.*, *Fisher v. Asbestos Corp.*, No. 2:14-cv-02338-WGY-(FFMx), 2014 WL 3752020, 2014 U.S. Dist. LEXIS 105207 (C.D. Cal. July 30, 2014); *Dougherty v. A.O. Smith Corp.*, No. 13-1972-SLR-SRF, 2014 U.S. Dist. LEXIS 96290, 2014 WL 3542243 (D. Del. July 16, 2014), *report and recommendation adopted*, Civ. No. 13-1972-SLR-SRF, 2014 U.S. Dist. LEXIS 125302, 2014 WL 4447293 (D. Del. Sept. 8, 2014); *Lara v. CBS Corp.*, No. CV 13-5569 ABC (MANx), 2013 U.S. Dist. LEXIS 128265, at *3 (C.D. Cal. Sep. 6, 2013).

Further, *BP P.L.C. et al. v. Baltimore* holds that, under 28 U.S.C. § 1447(d), a Court of Appeals has authority to review the entire appealable order. 141 S. Ct. 1532, 1538 (2021). This means that Defendants must show they are likely to succeed on the merits by defeating *both* the State's post-removal disclaimer and its original arguments that Defendants are not federal officers. The State need only succeed on one of its arguments for remand to stand. Accordingly, Defendants have failed to show they are likely to succeed on the merits of their appeal.

**B.  Defendants would not be irreparably harmed without a stay.**

Defendants voice two primary harms—potential state court hostility and litigation burdens—and brand them both "irreparable." Motion to Stay, ECF No. 101 at PAGEID 2959–60. But that is not enough to meet the Sixth Circuit's standards. Although Defendants correctly cite the Sixth Circuit's three-factor analysis for examining the severity of an irreparable injury, they do not clearly explain how their proffered hypothetical injuries align with the three factors.  Defendants

7

fail to show "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Mich. Coal. of Radioactive Material Users, Inc.*, 945 F.2d at 154.

### (1) Substantiality of the Injury

The degree of the injuries Defendants allege hinges on the key word "irreparable." *Id.* (citations omitted). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Id.* (citations omitted). Additionally, the injuries alleged "must be both certain and immediate, rather than speculative or theoretical." *Id.* (citations omitted). Defendants' litigation burdens, particularly the oft-repeated "enormous expense of discovery" in antitrust litigation, fall in line with the types of injuries this Circuit does not recognize as irreparable. And as this case has spent virtually no time in state court (beyond its initial filing and initial appearance of counsel), Defendants' claim of potential injury from state court bias or hostility is groundless speculation.

### (2) Likelihood of Occurrence

To substantiate the likelihood of Defendants' claimed injuries occurring, Defendants "must provide some evidence that the harm has occurred in the past and is likely to occur again." *Id.* (citations omitted). As discussed in the adequacy of proof factor below, Defendants offer *no* evidence that their purported injuries have happened to them, nor that they are likely to occur again.

### (3) Adequacy of Proof

Defendants provide no concrete proof about how remand would irreparably harm them beyond general, speculative injuries that any party may incur from litigating in any forum. Defendants provide no specific proof that a Delaware County Court of Common Pleas judge would

be hostile. Motion to Stay, ECF No. 101 at PAGEID 2959 (noting the purpose of the federal officer removal statute is to protect federal officers from hostility in state court but providing no evidence that Defendants would be imminently subject to such). Defendants provide no specific proof that state court discovery rules would substantially raise their litigation costs as opposed to federal court discovery costs. *Id.* at PAGEID 2960 (referencing discovery expenses but providing no evidence that Ohio state court discovery would result in higher expenses). Likewise, any re-briefing of motions will be drawn predominantly from the motions already briefed in this Court. Thus, Defendants have not provided adequate proof of their injuries.

Failing to satisfy these three factors, Defendants have not shown they will be irreparably harmed without a stay.

### C. The State—in representing the public interests of Ohio and its citizens—would be irreparably harmed by a stay.

Finally, a stay of the remand would irreparably harm the State and runs counter to the public interest. As the State is the opposing party to this motion, the third and fourth factors of the discretionary stay analysis merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Defendants' main public interest argument is that the stay would conserve judicial, party, and state-taxpayer resources. Motion to Stay, ECF No. 101 at PAGEID 2962. This oft-repeated argument is non-availing. The State will be expending taxpayer resources regardless of where and when litigation is occurring. Likewise, because discovery in this case has barely begun, all parties (and a court) would simply be expending the resources they would have anyway during the discovery phase.

What Defendants do not acknowledge is the compelling public interest against a stay. The State—in line with other municipal, state, and federal entities around the country—asserts that Defendants' conduct has raised drug prices in ways that physically and financially harm its residents: Ohioans. Dozens of current investigations, litigation, and legislation focused on

9

remedying Defendants' practices emphasize the significance of ensuring Americans have affordable access to their medications. The State's complaint describes the dire consequences to Ohioans with diabetes and other medical conditions of not being able to afford life-sustaining medications. *See* Complaint, ECF No. 12 at PAGEID 1313, 1332–34.

Preventing the State's case from moving forward, even for what Defendants label as a "temporary" delay, minimizes this widespread public interest and allows Defendants more time to harm Ohioans through their conduct. The State has brought its case as *parens patriae* for all Ohioans; Ohioan harm *is* the State's harm. Where, as here, the Attorney General is suing under a statute – the Valentine Act – that provides for injunctive relief, irreparable harm has already been determined by the Ohio General Assembly.  *See Ackerman v. Tri-City Geriatric & Health Care, Inc.*, 55 Ohio St.2d 51, 57 (1978) (holding that there is no need for a public official to show irreparable harm where it is proved "that the conditions which the General Assembly has deemed worthy of injunctive relief exist"). And this harm caused by Defendants' conduct and continued delay cannot be recouped at trial, further making it irreparable.

### III.   The current stay should not be extended if the Court denies Defendants' Motion.

If the Court denies Defendants' Motion, Defendants should not receive an extended stay to move for yet another stay in the Court of Appeals. Defendants complain that, under the Federal Rules, they would have been entitled to an automatic 30-day stay of the remand order if the Court had been silent as to when to mail the remand. Motion to Stay, ECF No. 101 at PAGEID 2963. Ironically, Defendants were the ones who requested a seven-day stay of mailing the remand. Opposition to Remand, ECF No. 55 at PAGEID 2402. The position they are in is of their own making.

28 U.S.C. § 1447(d) grants Defendants the statutory right to appeal a remand order. Federal

10

Rule of Appellate Procedure 8(a) gives them the right to move to stay a court's order and judgment, including a remand order. But the right to appeal or move to stay does not mean Defendants may now dictate all terms of the appeal and delay the State's case indefinitely. It has been nearly one year since the State filed its case in the Delaware County Court of Common Pleas, and further delay irreparably harms Ohioans. The stay should not be extended.

### Conclusion

For the foregoing reasons, the State respectfully requests that the Court deny Defendants' Motion to Stay the Mailing of the Remand Order in its entirety.

Dated:  January 10, 2024

Respectfully submitted,

DAVE YOST
Ohio Attorney General (0056290)
SHAWN BUSKEN (0083585)
Deputy First Assistant Attorney General

 */s/ Jennifer L. Pratt*
JENNIFER L. PRATT (0038916) (Trial Attorney)
Director of Major Litigation
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Telephone: (614) 752-8237
Fax: (614) 466-5087
Jennifer.Pratt@OhioAGO.gov

Beth A. Finnerty (0055383)
Section Chief, Antitrust Section
Edward J. Olszewski (0082655)

11

Assistant Section Chief, Antitrust Section
Thomas J. Collin (0023770)
Principal Assistant Attorney General, Antitrust Section
Sarah Mader (0102270)
Assistant Attorney General, Antitrust Section
30 East Broad Street, 26th Floor
Columbus, Ohio
Telephone; (614) 466-4328
Fax: (614) 995-0266
Beth.Finnerty@OhioAGO.gov
Edward.Olszewski@OhioAGO.gov
Sarah.Mader@OhioAGO.gov

*Counsel for the State of Ohio, ex rel., Attorney General
Dave Yost*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2024 a copy of the foregoing was filed electronically.

Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing

system. Notice of this filing will be sent to all other parties not represented by counsel via regular

U.S. Mail.

 _/s/ Jennifer L. Pratt____ _____
Jennifer L. Pratt
Counsel for Plaintiff the State of Ohio