# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

State of Ohio, *ex rel.* Dave Yost
Attorney General of Ohio,

    Plaintiff,

v.

Ascent Health Services LLC, *et al.*,

    Defendants.

Case No. 2:23-cv-1450

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

On January 2, 2024, the Court issued an Opinion and Order (the "Order") remanding this case to state court. ECF No. 97. The Court temporarily stayed the ministerial act of mailing (or "certifying") the Order to the state court. *Id.* Defendants now move to stay the mailing of the Order until the resolution of their appeal of the Order.[1] ECF No. 101. Plaintiff opposes. ECF No. 103.

Two principles underlie Defendants' motion. First, although parties usually may not appeal a remand order, Congress expressly provided an exception for so-called "federal officer removal," the type of removal at issue here. *See* 28 U.S.C.

---

[1] Generally, a notice of appeal divests this Court of jurisdiction. *See United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (explaining that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" (cleaned up)). However, after the filing of the notice, a district court retains "limited jurisdiction to take actions in aid of the appeal." *Id.* (internal quotation marks and citations omitted). Because a stay of mailing the order is an action that aids the appeal, the Court has jurisdiction to consider Defendants' motion.

§ 1447(d). In other words, Defendants have the right to appeal this case to the Sixth Circuit.

Second, courts generally agree that the ministerial act of mailing a remand order divests the federal courts of jurisdiction. *See, e.g., Hughes v. Gen. Motors Corp.*, 764 F. Supp. 1231, 1238 (W.D. Mich. 1990) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." (cleaned up and citing cases)); *but see Amar v. Minnesota Mining & Mfg. Co.*, No. CIV.A. 404CV164M, 2005 WL 3448066, at *1–2 (W.D. Ky. Dec. 13, 2005) (observing that, as a "general matter, once a district court certifies a remand order to a state court it is divested of jurisdiction and can take no further action on the case," but explaining that the general rule does not apply if the remand order was otherwise reviewable (citation omitted)).

Combining those two principles here, if the Clerk mailed the Order to the state court, Defendants would be deprived of their right to appeal. On the circumstances of this case, a stay is appropriate.

For these reasons, Defendants' motion is **GRANTED**; the mailing of the Order is **STAYED** pending resolution of the appeal in this case. The Clerk shall not mail ECF No. 97 until ordered to do so by the Court and shall terminate all pending motions.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**